**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICHOLAS PARKER, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br>          v.<br><br>UNITED INDUSTRIES CORPORATION,<br><br>                              Defendant. | **CASE NO.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Nicholas Parker ("Plaintiff"), by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge, against Defendant United Industries Corporation ("Defendant").

## NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of purchasers of Cutter Natural Insect Repellent ("Cutter Natural") in the United States.

2. Defendant represents that Cutter Natural "repels mosquitos for hours." Unlike other personal repellents distributed by Defendant, Cutter Natural is a "DEET-free" formulation meant for consumers who are interested in "repelling insects the natural way:"

1




3. Unfortunately for consumers however, Cutter Natural is a complete sham. Scientific evidence shows that Cutter Natural does not repel mosquitos. The product is ineffective and worthless.

2

4.      A 2015 study conducted by New Mexico State University tested the efficacy of Cutter Natural in repelling mosquitos. For each species of mosquito tested, the study found that "Cutter Natural Insect Repellent produced no significant reduction in attraction."[1]

5.      Cutter Natural also flunked 2016 testing by Consumer Reports "to see how effectively it protects against Aedes mosquitos (that tend to bite during the day and can spread Zika) and Culex mosquitos (nighttime biters that can spread West Nile)."[2] During the Consumer Reports testing, the subjects were bitten by both species of mosquitos within one hour after application of Cutter Natural.[3] This is obviously a stark difference from Defendant's representation that Cutter Natural "repels mosquitos for hours." This led Consumer Reports to conclude that Cutter Natural exhibited "[p]oor performance at repelling mosquitos."[4]

6.      Upon information and belief, Defendant has sold millions of units of Cutter Natural by promising consumers an effective insect repellent that did not contain DEET. But it was too good to be true. While Cutter Natural Insect Repellent may have been comparatively "natural," it was not an effective insect repellant.

7.      This was best summarized in another Consumer Reports article titled "Five Types of Insect Repellent to Skip:"

> It sounds like such a good idea:  Use a "natural" mosquito repellent
> … and avoid the ones containing chemicals such as DEET.
> But here's the problem:  Natural repellents are regulated
> differently than other repellent products.  Because the EPA deems
> the chemicals they contain harmless, the agency does not evaluate
> them for effectiveness.  Because of that loophole, companies that

---

[1] Stacy Rodriguez et. al, *The Efficacy of Some Commercially Available Insect Repellents for Aedes Aegypti (Diptera: Culicidae) and Aedes albopictus (Diptera Culicidae)*, New Mexico State University.  Available at https://academic.oup.com/jinsectscience/article-lookup/doi/10.1093/jisesa/iev125.

[2] *See* http://www.consumerreports.org/products/insect-repellent/cutter-natural-291758/overview/.

[3] *See* https://www.consumerreports.org/content/dam/cro/news_articles/health/Consumer-Reports-Insect-Repellent-Ratings-February-2016.pdf.

[4] *See* http://www.consumerreports.org/products/insect-repellent/cutter-natural-291758/overview/.

3

sell those repellents don't have to prove that they actually work. And our testing indicates that, in fact, they don't.[5]

8. Cutter Natural comes in two varieties: a pump spray and an aerosol can. Both products contain the same labeling, active ingredients, and are advertised for the same exact purposes:

 

---

[5] *See* http://www.consumerreports.org/insect-repellent/five-insect-repellent-products-to-avoid/.

9. Plaintiff is a purchaser of Cutter Natural who asserts claims on behalf of himself and similarly situated purchasers of Cutter Natural for violations of the consumer protection laws of New York, unjust enrichment, breach of express warranty and fraud.

## PARTIES

10. Plaintiff Nicholas Parker is a citizen of New York who resides in New York, New York. Mr. Parker purchased a Cutter Natural pump bottle from Home Depot in New York, New York, in the summer of 2015 for approximately $5. Prior to purchase, Mr. Parker carefully read the Cutter Natural bottle's labeling, including the representations that it was a "natural insect repellent" that "repels mosquitos for hours." Mr. Parker believed these statements to mean that Cutter Natural would repel mosquitos, and relied on them in that he would not have purchased Cutter Natural at all, or would have only been willing to pay a substantially reduced price for Cutter Natural, had he known that these representations were false and misleading.

11. Defendant United Industries Corporation is a Delaware corporation with its principal place of business in Earth City, Missouri. Defendant distributes Cutter Natural throughout the United States.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant does business throughout this District.

14. All conditions precedent necessary for filing this Complaint have been satisfied and/or such conditions have been waived by the conduct of the Defendant.

## CLASS REPRESENTATION ALLEGATIONS

15. Mr. Parker seeks to represent a class defined as all persons in the United States who purchased Cutter Natural (the "Class"). Excluded from the Class are persons who made such purchase for purpose of resale.

16. Mr. Parker also seeks to represent a subclass defined as all Class members who purchased Cutter Natural in New York (the "New York Subclass").

17. Members of the Class and New York Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and New York Subclass number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third party retailers and vendors.

18. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether Defendant's labeling, marketing and promotion of Cutter Natural is false and misleading.

19. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading marketing and promotional materials and representations, purchased Cutter Natural, and suffered a loss as a result of that purchase.

20. Plaintiff is an adequate representative of the Class and Subclass because his interests do not conflict with the interests of the Class members he seeks to represent, he has

6

retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

21. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Deceptive Acts Or Practices, New York Gen. Bus. Law § 349

22. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

23. Plaintiff brings this claim individually and on behalf of members of the New York Subclass against Defendant.

24. By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by making false representations on the label of Cutter Natural.

25. The foregoing deceptive acts and practices were directed at consumers.

26. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the ability of Cutter Natural to repel mosquitos.

27. Plaintiff and members of the New York Subclass were injured as a result because (a) they would not have purchased Cutter Natural if they had known that Cutter Natural was ineffective to repel mosquitos, and (b) they overpaid for Cutter Natural on account of its misrepresentation that it "repels mosquitos for hours."

28. On behalf of himself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT II
### False Advertising, New York Gen. Bus. Law § 350

29. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

30. Plaintiff brings this claim individually and on behalf of members of the New York Subclass against Defendant.

31. Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting on the labeling of Cutter Natural its ability to repel mosquitoes.

32. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

33. This misrepresentation has resulted in consumer injury or harm to the public interest.

34. As a result of this misrepresentation, Plaintiff and members of the New York Subclass have suffered economic injury because (a) they would not have purchased Cutter Natural if they had known that Cutter Natural was ineffective to repel mosquitos, and (b) they overpaid for Cutter Natural on account of its misrepresentation that it "repels mosquitos for hours."

35. On behalf of himself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT III
### Unjust Enrichment

36. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

37. Plaintiff brings this claim individually and on behalf of members of the Class and New York Subclass against Defendant.

38. Plaintiff and Class members conferred benefits on Defendant by purchasing Cutter Natural.

39. Defendant has knowledge of such benefits.

40. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' purchases of Cutter Natural. Retention of those moneys under these circumstances is unjust and inequitable because Defendant misrepresented that Cutter Natural was an "insect repellent" that "repels mosquitos for hours."

9

41. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

## COUNT IV
### Breach of Express Warranty

42. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

43. Plaintiff brings this claim individually and on behalf of members of the Class and New York Subclass against Defendant.

44. In connection with the sale of Cutter Natural, Defendant, as the designer, manufacturer, marketer, distributor, and/or seller issued written warranties by representing that Cutter Natural was an "insect repellant" that "repels mosquitos for hours."

45. In fact, Cutter Natural does not conform to the above-referenced representations because Cutter Natural is ineffective to repel mosquitos.

46. Plaintiff and Class members were injured as a direct and proximate result of Defendant's breach because (a) they would not have purchased Cutter Natural if they had known that Cutter Natural was ineffective to repel mosquitos, and (b) they overpaid for Cutter Natural on account of its misrepresentation that it "repels mosquitos for hours."

## COUNT V
### Fraud

47. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

48. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and New York Subclass against Defendant.

49. As discussed above, Defendant misrepresented on Cutter Natural's labeling that it was an "insect repellant" that "repels mosquitos for hours."

50. The false and misleading representations and omissions were made with knowledge of their falsehood. Defendant is a top distributor of pest repellant products in the United States who is undoubtedly aware of the studies finding that its product does not work. Nonetheless, Defendant continues to sell its ineffective and worthless Cutter Natural to unsuspecting consumers.

51. The false and misleading representations and omissions were made by Defendant, upon which Plaintiff and members of the proposed Class and New York Subclass reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the proposed Class and New York Subclass to purchase Cutter Natural.

52. The fraudulent actions of Defendant caused damage to Plaintiff and members of the proposed Class and Subclass, who are entitled to damages and other legal and equitable relief as a result.

## RELIEF DEMANDED

53. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

    a. For an order certifying the nationwide Class and the New York Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and New York Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and New York Subclass members;

    b. For an order declaring that Defendant's conduct violates the statutes referenced herein;

    c. For an order finding in favor of Plaintiff, the nationwide Class, and the New York Subclass on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

h. For an order awarding Plaintiff and the Class and New York Subclass their reasonable attorneys' fees and expenses and costs of suit.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated:  July 14, 2017

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  /s/ *Yitzchak Kopel*
      Yitzchak Kopel

Scott A. Bursor
Joseph I. Marchese
Yitzchak Kopel
888 Seventh Avenue
New York, NY 10019
Tel:  (646) 837-7150
Fax: (212) 989-9163
E-Mail:  scott@bursor.com
          jmarchese@bursor.com
          ykopel@bursor.com

*Attorneys for Plaintiff*