IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Nicholas Parker, on behalf of himself and all others similarly situated | ) ) ) | CASE NO. 17-CV-5353-GBD |
| Plaintiff, | ) ) ) | JUDGE GEORGE B. DANIELS |
| vs. | ) ) | **STIPULATED PROTECTIVE ORDER** |
| United Industries Corporation., *et al.* | ) ) ) | |
| Defendants. | ) ) ) | |

## I. LIMITED SCOPE OF ORDER

1. In the above-captioned action (the "Action"), the Parties expect to exchange confidential and highly confidential information regarding the products that are the subject of this Action. The Parties have stipulated to the entry of this protective order (the "Order") governing the exchange and use of confidential and highly confidential documents and information.

2. This Order does not affect the burden of proof that must be met by a party seeking to protect confidential documents or information that is filed in the Court records in this case. A party seeking to protect information to be filed in the public records must prove that the documents or information meets the standards of governing law. In meeting that burden, a party may not rely on its own designation of material as "Confidential" or "Highly Confidential" under this Order.

3. Nothing in this Order shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this Action, whether or not such material is also obtained through discovery in this Action, or from the use or disclosure of information that is publicly known. Nothing in this Order restricts the ability of any party to use or disclose its own confidential material as it deems appropriate.

## II. GOOD CAUSE DESIGNATIONS

1. No document, information or thing shall be designated "Confidential" or "Highly Confidential" unless good cause exists for such designation.

3451809.1

2. Good cause exists for the designation of information as "Highly Confidential" when the information has not been made public and falls into one of the following categories:

    a. Confidential past or future business, marketing or sales plans, including specific business plans, strategies and projections, past or future marketing plans and strategies, past or future sales plans and strategies, forward-looking pricing strategies; the development of new product concepts, extensions of existing product lines, and other similar forward and/or backward-looking information that is kept confidential by the party;

    b. Specific financial information at a level of detail beyond that disclosed in sources available to the public;

    c. Results of research, studies or other analyses that the parties expended money to develop or obtain and that would be useful to current or potential competitors. This category includes, but is not limited to, consumer research studies (whether developed internally or commissioned from third parties), market analyses (whether developed internally or provided by third parties), analyses of other competitors in the market, and product development studies;

    d. Terms of contracts with Defendants' suppliers or customers;

    e. Specific proprietary product formulas or proprietary manufacturing processes; or

    f. Product concepts in development that have not been launched into the market.

3. Good cause exists for the designation of information as "Confidential" when the information has not been revealed to the public and the information falls into one of the following categories:

    a. The information is contained in a document or is presented in a form that, when analyzed in conjunction with other information produced in the Action, would reveal information in categories set forth in paragraph II.2.a to b above;

    b. Private information about any officer, employee or other individual; or

    c. Commercially sensitive information regarding the development, production, marketing, branding, sales or promotion of Defendants' products or finances, the disclosure of which would have the effect of causing harm to the competitive position of the person or entity from which the information is obtained.

4. The list of document categories identified as either "Highly Confidential" in paragraph II.2 and "Confidential" in paragraph II.3 are meant to be illustrative and they are not the exclusive types of documents that may qualify as either "Highly Confidential" or "Confidential." However, the Parties shall use reasonable efforts to minimize the amount of material designated as "Confidential" or "Highly Confidential."

5. This Order applies to "Confidential" and "Highly Confidential" information furnished in this Action regardless of the form in which it is transmitted and regardless of whether the information is furnished by a party or third party. Such information may be contained in documents, written discovery responses, declarations, deposition testimony, exhibits, and other materials or testimony provided by any party or third party during this Action. Such materials are collectively referred to as "Discovery Materials" in this Order.

## III. PROCEDURE FOR DESIGNATION

1. Any Party may designate Discovery Materials "Confidential" or "Highly Confidential" meeting the standards set forth in paragraphs II.2 and II.3 by taking the following actions (hereafter, the "Designating Party"):

    a. With respect to documents, discovery responses or other written materials furnished by the Designating Party in paper, as .tiff images, .pdf files, or in any other form in which it is possible to add a legend to each page, the Designating Party may designate the material "Confidential" by stamping, inscribing or otherwise marking or designating on each page of a document containing Confidential Information the words "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER." The Designating Party may designate the material "Highly Confidential" by marking each page of the document with the words "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO PROTECTIVE ORDER." Electronic documents produced as .tiff images or .pdf files shall be marked in accordance with this paragraph III.1.a.

    b. With respect to "Confidential" or "Highly Confidential Information" furnished by the Designating Party in a non-paper medium, including, without limitation, video or audio tape, computer discs, CD-ROMs, and DVDs, etc., the Designating Party may designate information therein as

"Confidential" or "Highly Confidential" by affixing the appropriate legend to the outside of the medium or container.

2. With respect to deposition testimony or other oral testimony to be recorded in a written transcript, the Designating Party may designate information as "Confidential" or "Highly Confidential" by making a statement on the record to that effect during the deposition or proceeding at issue. The court reporter shall separately bind the designated portion of the deposition transcript and all designated exhibits. The separately bound deposition material shall be marked in accordance with its designation, as either "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO PROTECTIVE ORDER." Alternatively, the Designating Party may, within a reasonable time after the deposition transcript is delivered to the Designating Party, provide to all counsel written notice identifying the specific portion (by page and line numbers) that the Designating Party seeks to protect, and all parties to the litigation will mark the pages with the appropriate legends.

### IV. USE AND DISCLOSURE OF DESIGNATED MATERIAL

1. Information and materials designated "Confidential" or "Highly Confidential" shall be used only for prosecuting or defending this Action, except that a party may use its own "Confidential" or "Highly Confidential" information for whatever purposes it chooses. A party using, disseminating or distributing "Confidential" or "Highly Confidential" information for any purpose other than for use in connection with this Action may be subject to sanctions (including, without limitation, monetary, evidentiary or terminating sanctions, in the Court's discretion), as well as being potentially subject to any disciplinary or other applicable legal proceedings.

2. Information and materials designated "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" may only be disclosed to the following individuals:

   a. The recipient party and officers, directors and/or employees of the recipient party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

   b. Counsel representing the parties in the Action, and paralegal and clerical staff (whether employees or independent contractors) who are assisting in this litigation;

   c. Court staff, court reporters and videographers involved in this litigation;

d. Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition, so long as they sign a statement agreeing to abide by the terms of this Order, in the form set forth in Exhibit A;

e. Party or third-party witnesses during the course of their depositions and otherwise provided that (1) the third party or witness previously created, generated or received the Discovery Material before the Action commenced; or (2) before disclosure of the "Confidential" information counsel for the parties agree the "Confidential" information may be shown to the deponent; or (3) the Court has determined that the "Confidential" information may be shown to the deponent in ruling on a party's objection to the designation as provided below. Unless the third party or witness previously created, generated or received the Discovery Material, a third-party witness shall not be shown the Discovery Material unless or until the witness signs a statement agreeing to abide by the terms of this order, in the form set forth in Exhibit A. This requirement for party agreement or Court determination does not apply to expert witnesses or consultants.

3. Information and materials designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO A PROTECTIVE ORDER" may only be disclosed to:

a. Counsel of record representing the parties in the Action, and paralegal and clerical staff (whether employees or independent contractors) who are assisting in this litigation, along with internal counsel and paralegals responsible for oversight of this Action;

b. Court staff, court reporters and videographers involved in this litigation;

c. Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition, so long as they sign a statement agreeing to abide by the terms of this order, in the form set forth in Exhibit A. "Highly Confidential" information shall not be shared with an expert or consultant retained by the non-designating party who has provided, is providing, or is expected to provide any services to any business unit of the retaining party, unless one of the three conditions set forth in subparagraph (d) is met.

d.  Party or third-party witnesses during the course of their depositions and otherwise provided that (1) the third party or witness previously created, generated or received the Discovery Material before the Action commenced; or (2) before disclosure of the "Highly Confidential" information counsel for the parties agree the "Highly Confidential" information may be shown to the deponent; or (3) the Court has determined that the "Highly Confidential" information may be shown to the deponent in ruling on a party's objection the designation as provided below. Unless the third party or witness previously created, generated or received the Discovery Material, a third-party witness shall not be shown the Discovery Material unless or until the witness signs a statement agreeing to abide by the terms of this order, in the form set forth in Exhibit A. This requirement for party agreement or Court determination does not apply to expert witnesses or consultants of the non-designating party, except for those who have ever provided, are currently providing, or are expected to provide any services to any business unit of the retaining party.

4.  No person or entity receiving "Confidential" information shall discuss, disseminate, or disclose the "Confidential" information to any person or entity not listed above in paragraph IV.2. No person or entity receiving "Highly Confidential" information shall discuss, disseminate, or disclose the "Highly Confidential" information to any person or entity not listed above in paragraph IV.3. Any person or entity receiving "Confidential" or "Highly Confidential" information shall insure that no unauthorized person or entity is able to obtain access to the "Confidential" or "Highly Confidential" information. The provisions of this paragraph, however, do not apply to the Court or to Court personnel.

5.  Nothing in this Order affects or limits the producing party's use of its own "Confidential" or "Highly Confidential" information or "Confidential" or "Highly Confidential" information it has created, lawfully possessed or independently generated or discovered, regardless of whether the information is thereafter designated as "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO PROTECTIVE ORDER."

## V.  FILING OF DESIGNATED MATERIAL IN PRE-TRIAL PROCEEDINGS

1.  If a party files or seeks to file with the Court material that another party has designated "Confidential" or "Highly Confidential" under this Order, the filing party shall simultaneously file an *ex parte* application to seal the records that references this Order and that specifically sets forth the terms of

this paragraph. In doing so, the filing party shall only seek to file under seal the portion of such material that is "Confidential" or "Highly Confidential."

## VI. CHALLENGES TO DESIGNATION

1. A party may challenge the designation of any material as "Confidential" or "Highly Confidential" under this Order but prior to doing so must meet and confer with the Designating Party in an attempt to reach agreement about the proper level of confidentiality designation. If the parties are unable to resolve the issue informally, the challenging party may move for an order granting access to the information under less burdensome conditions. In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as "Confidential" or "Highly Confidential" shall bear the burden of showing prejudice or harm will result if that level of designation is not maintained.

2. This Order is without waiver of, or prejudice to, and specifically reserves the rights and remedies of any party to apply in writing to the Court for a determination, for sufficient cause shown, that: (a) persons not provided for in this Order may or may not receive "Confidential" or "Highly Confidential" information; or (b) this Order be modified or vacated in whole or in part. Any application for relief pursuant to this section shall be made only after reasonable efforts to meet and confer in good faith have been unsuccessful.

## VII. SUBPOENA IN ANOTHER ACTION

1. In the event any person, party or entity having possession, custody or control of any "Confidential" or "Highly Confidential" information receives a subpoena or other process or order to produce the "Confidential" or "Highly Confidential" information, that person or party shall, within three (3) business days:

    a. Notify, in writing, the attorneys of record of the Designating Party;

    b. Notify, in writing, the attorneys of record or other representative (if there is no attorney of record) of all persons having an interest in maintaining the confidentiality of the "Confidential" or "Highly Confidential" information and who are known to the recipient of the subpoena, process or order;

c.  Furnish all persons notified pursuant to subsections (a) and (b), above, a copy of the subpoena or other process or order; and

d.  Provide reasonable cooperation with respect to all procedures set forth in the Order for the protection of the "Confidential" or "Highly Confidential" information.

2.  If after receiving the notification set forth in paragraph VII.1 the Designating Party desires to prevent or limit the requested production of "Confidential" or "Highly Confidential" information, it will be the responsibility of the Designating Party to move to quash or modify the subpoena, or otherwise resolve the issue with the subpoenaing party.

## VIII.  TERM OF ORDER

1.  This Order does not govern or restrict the use of any document or information (including information designated as "Confidential" or "Highly Confidential" under this Order) at trial in any manner whatsoever. The designation of any information, documents, or things as "Confidential" or "Highly Confidential" information pursuant to this Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at trial.

2.  Any party desiring to maintain the confidentiality of any information or documents designated as "Confidential" or "Highly Confidential" during the trial shall seek an Order from the Court with respect to such information, documents, exhibits, or things prior to commencement of the trial. The parties to this Order expressly reserve their rights to object to the manner in which "Confidential" or "Highly Confidential" information may be used in an evidentiary hearing or at trial. Special procedures or *in camera* treatment, if any, shall be determined in the future in compliance with any applicable rules and orders. Nothing in this Order shall preclude any party from raising any objections, including without limitation objections concerning admissibility, materiality, and privilege.

3.  If this Action is concluded before trial is commenced, the Order shall remain in full force and effect after such conclusion and the Court shall retain jurisdiction to enforce its terms. In such a case, all materials (including copies) containing information designated as "Confidential" or "Highly Confidential" shall be returned to the producing party, or shall be disposed of in a manner assuring its confidential destruction, within the following time period: Within 30 days after final termination of this

3451809.1

Action either by consensual dismissal with prejudice, after final appellate review has been obtained, or after the time for appeal has lapsed without the filing of an appeal by either of the parties. Each party shall provide to the Designating Party a declaration certifying compliance with this paragraph.

## IX. NO WAIVER

1. The disclosure of "Confidential" or "Highly Confidential" information pursuant to discovery or the procedures set forth in this Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, privacy or other rights to or in such information.

2. The inadvertent disclosure of information protected by the attorney-client, work product, or other applicable privilege or protection in this Action shall not constitute a waiver of any valid claim of privilege. Further, failure to assert a privilege in this Action as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter, unless the producing party seeks to use or rely upon the privileged material in this Action. A party that discovers that it has inadvertently produced privileged information shall promptly request its return. The privileged documents together with all copies thereof shall be returned forthwith to the party claiming privilege. Any notes or other work product made from the documents in question (or their contents) shall be returned along with the documents themselves or destroyed. The party claiming privilege shall thereafter promptly produce a privilege log listing the documents in question and any other party shall thereafter have the right to challenge the assertion of privilege by motion or any other appropriate means.

3. A party who receives apparently privileged materials from the producing party, upon understanding that the document may be privileged or contain confidential attorney work product, must act as follows:

    a. Cease review of the document.

    b. Immediately contact lead trial counsel for the party with whom they are affiliated and consult with that individual concerning further steps required to be taken. Lead trial counsel shall review the document in question and make a determination of whether the document contains privileged information or attorney work product. If not, the receiving party shall continue to treat the document as designated by the producing party. If lead trial counsel agrees that the document contains privileged

information or attorney work product, lead trial counsel (or his or her designee) shall immediately take the following steps:

    i. Promptly notify opposing counsel of the potentially privileged document(s), taking all reasonable measures to reach opposing counsel to obtain instructions as to further handling of the document(s). The receiving party must follow such counsel's instructions regarding the disposition of the material. The receiving party must also completely refrain from using the material until instruction by opposing counsel is received, which may include returning the document and all copies, and removal of the document from electronic databases.

    ii. Until such time that the receiving party receives instructions from opposing counsel, the receiving party may not share the document or its contents with any other persons.

  c. If the producing party claims the privilege it shall thereafter promptly add the document(s) in question to its privilege log and any other party shall thereafter have the right to challenge the assertion of privilege by motion or any other appropriate means.

## X. PRIVILEGE LOG

1. Within 30 days of production, the producing party shall produce a privilege log that complies with all requirements set forth in Fed. R. Civ. P. 26(b)(5)(A)(ii).

Dated: October 4, 2017    TUCKER ELLIS LLP,

                  _____
                  Ronie M. Schmelz
                  515 South Flower Street
                  Forty Second Floor
                  Los Angeles, CA 90071
                  Telephone: 213.430.3400
                  Facsimile: 213.430.3409
                  E-mail: ronie.schmelz@tuckerellis.com

                  *Attorney for Defendant United Industries Corporation*

Dated: October 4, 2017　　　BURSOR & FISHER, P.A.,

*U. Kopel*

---

Yitzchak Kopel
Alec M. Leslie
888 Seventh Avenue
New York, NY 10019
Telephone: 646.837.7126
Facsimile: 212.989.9163
E-mail:　ykopel@bursor.com
　　　　　aleslie@bursor.com

*Attorneys for Plaintiff Nicholas Parker*

**SO ORDERED:**

*George B. Daniels*
U.S.D.J.

OCT 05 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Nicholas Parker, on behalf of himself and all others similarly situated | ) ) ) | CASE NO. 17-CV-5353-GBD |
| | ) | JUDGE GEORGE B. DANIELS |
| Plaintiff, | ) ) | |
| | ) | **Exhibit A to Stipulated Protective** |
| vs. | ) | **Order: Agreement to be Bound** |
| | ) | |
| United Industries Corporation., *et al.* | ) ) | |
| Defendants. | ) ) ) ) | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I have read and understand the Protective Order entered in the above-captioned litigation, and I agree to be bound by its terms. Specifically, and without limitation upon such terms, I agree not to use or disclose any "Confidential" or "Highly Confidential" information made available to me other than in accordance with this Protective Order. I hereby agree to submit to the United States District Court for the Southern District of New York for enforcement of the undertaking I have made herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____

_____
Signed Name

_____
Printed Name

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2017 the above-captioned Stipulated Protective Order was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        */s/ Ronie M. Schmelz*

                                        *One of the Attorneys for Defendant United Industries Corporation*