# BURSOR & FISHER
### P.A.

**888 SEVENTH AVENUE**
**NEW YORK, NY 10019**
**www.bursor.com**

**YITZCHAK KOPEL**
Tel: **646.837.7127**
Fax: **212.989.9163**
**ykopel@bursor.com**

April 26, 2018

*Via ECF*

The Honorable George B. Daniels
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Parker v. United Industries Corp.*, Case No. 17-cv-05353, Letter Motion to Compel Production of Documents

Dear Judge Daniels:

      I represent Plaintiff in the above-captioned matter. I submit this letter pursuant to Fed. R. Civ. P. 37, Local Civil Rule 37.2, and Rule IV(A) of Your Honor's Individual Practices to request a pre-motion conference in advance of Plaintiff's forthcoming motion to compel Defendant's production of ESI documents in response to Plaintiff's discovery requests. Plaintiff requests for the Court to order this production to begin immediately and be completed by no later than May 9, 2018.

      Plaintiff served his discovery requests on September 26, 2017, exactly six months ago, yet Defendant has still not produced a single document of ESI.[1] Even worse, Defendant refuses to specify when it intends to actually make its production, in violation of Fed. R. Civ. P. 34(b)(2)(B) ("The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."). This is not the first time Plaintiff has sought to raise this issue. In advance of the Court's March 14, 2018 conference in this case, I conferred with defense counsel and advised that we intended to ask the Court to compel the production of ESI documents at that time. However, defense counsel assured me that it would complete its document production by no later than six weeks from that date, on April 25, 2018.

      In reliance on this, the parties advised the Court of the agreed-upon six-week deadline for Defendant's production, and proposed revised case management deadlines keyed off of this date. *See* Ex. A, 03/14/18 Hearing Transcript at 2 ("Mr. Kopel: I conferred with defense counsel regarding this and scheduling in the cases prior to coming in today, and defense counsel has committed to beginning its production of ESI documents on a rolling basis <u>and to complete that production within six weeks of today</u>." … "Ms. Schmeltz: We have completed the interviews with the ESI. We have a committed attorney who oversees this. All he really does is ESI for our

---

[1] Defendant has produced 434 pages of non-ESI documents.

firm. We are in there this week getting the documentation. <u>We agree with the scheduling that they have come up with.</u>") (emphasis added).

Since that time, defense counsel has reneged on this agreement. Not a single page was produced in the six weeks since the Court conference. On April 13, 2018, defense counsel emailed me and indicated that Defendant will not complete (or even begin) the production of ESI discovery by the agreed-upon deadline and declined to specify a further date by which it would complete the production.

It does not appear that Defendant is participating in the discovery process in good faith. Plaintiff proposed ESI search terms for Defendant to review nearly five months ago, on November 28, 2017. But despite repeated reminders, Defendant did not provide redlines to the proposed search terms until April 13, 2018, just 12 days before its deadline for document production. Notably, Plaintiff has already completed his document production and sat for a deposition.

As such, Plaintiff respectfully requests that the Court compel Defendant to immediately begin its document production, to be completed by no later than May 9, 2018. Plaintiff also requests that the Court award his reasonable expenses incurred in making this motion. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

Very truly yours,

*/s/ Y. Kopel*

Yitzchak Kopel

CC:   All counsel of record (via ECF)

**EXHIBIT A**

```
i3e2parC
```

```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF NEW YORK
                  ------------------------------x

                  NICHOLAS PARKER,

                                Plaintiff,              New York, N.Y.

                          v.                            17 Civ. 5353(GBD)

                  UNITED INDUSTRIES CORPORATION,

                                Defendant.

                  ------------------------------x       Conference

                                                        March 14, 2018
                                                        10:10 a.m.

                  Before:

                                 HON. GEORGE B. DANIELS,

                                                        District Judge



                                       APPEARANCES

                  BURSOR & FISHER, P.A.
                       Attorneys for Plaintiff
                  BY:  YITZCHAK KOPEL


                  TUCKER ELLIS, LLP
                       Attorneys for Defendant
                  BY:  RONIE MALKA SCHMELZ
```

i3e2parC

1             (Case called)
2             MR. KOPEL:  Good morning, your Honor.  Yitzchak Kopel,
3   of Bursor & Fisher, P.A, for the plaintiff.
4             THE COURT:  Good morning.
5             MS. SCHMELZ:  Good morning, your Honor.  Ronie
6   Schmelz, of Tucker Ellis, on behalf of defendant.
7             THE COURT:  Good morning, Ms. Schmelz.
8             Mr. Kopel, let me start with you.  Where are you?
9             MR. KOPEL:  Discovery has been largely one-sided so
10  far, your Honor.  The plaintiff has completed document
11  production.  The defendant has taken plaintiff's deposition.
12            We served discovery requests nearly six months ago.
13  We have received a document production of 432 pages, but the
14  defendant has not yet produced any documents from its ESI.  In
15  fact, I'm not even sure that defendant has begun its ESI
16  search.
17            I conferred with defense counsel regarding this and
18  scheduling in the case prior to coming in today, and defense
19  counsel has committed to beginning its production of ESI
20  documents on a rolling basis and to complete that production
21  within six weeks of today.  That would be fine with us, but we
22  would need to amend several of the case deadlines, because that
23  would not leave us with sufficient time to review the
24  documents, take depositions, etc.
25            THE COURT:  How much time do you think it would take

1    to complete discovery?

2             MR. KOPEL:  I think -- so right now discovery is set
3    to be -- fact discovery, that is, is set to be completed by
4    June 11.  If the defendant does take six weeks, that would take
5    us into May before we get the documents, so I think a
6    four-month extension would be appropriate, so I think that
7    would change the date from June 11 to October 11.

8             THE COURT:  Ms. Schmelz, what's the status?

9             MS. SCHMELZ:  We have completed the interviews with
10   the ESI.  We have a committed attorney who oversees this.  All
11   he does really is ESI for our firm.  We are in there this week
12   getting the documentation.  We agree with the scheduling that
13   they have come up with.

14            THE COURT:  So this is what I am going to do then.  I
15   had scheduled the final pretrial conference for October 16 at
16   9:45.  I'm going to leave that date on.  See if you can finish
17   discovery before I see you the next time, October 16.  Then you
18   can tell me where we are and how we are going to proceed.  If,
19   before that time, you know there are going to be motions, then
20   agree upon a motion schedule and give me that by a letter, and
21   I can put at that date off until after the motions are fully
22   submitted, if you want to be heard on the motion.  Otherwise
23   October 16 I will anticipate that you will be complete at least
24   with fact discovery, and we can talk about whether or not there
25   needs to be a further schedule for expert discovery and whether

1   or not the -- or whether we should be talking about setting a
2   trial date after that time. So I will give you between now and
3   the next date to sort of finish up the fact discovery and then
4   be able to let me know October 16 where we are and where we are
5   going to go from there, okay?
6              So is there anything else we need to address today?
7              MR. KOPEL:  Nothing else, your Honor.
8              THE COURT:  Ms. Schmelz?
9              MS. SCHMELZ:  No.  Thank you, your Honor.
10             THE COURT:  Then let's proceed that way.  I will see
11  you October 16 at 9:45 unless I hear from you before then.
12             MR. KOPEL:  Thank you, your Honor.
13             MS. SCHMELZ:  Thank you, your Honor.
14                               oOo
15
16
17
18
19
20
21
22
23
24
25