# BURSOR & FISHER
### P.A.

**888 SEVENTH AVENUE**  
**NEW YORK, NY 10019**  
**www.bursor.com**

**YITZCHAK KOPEL**  
Tel: **646.837.7127**  
Fax: **212.989.9163**  
ykopel@bursor.com

August 10, 2018

*Via ECF*

The Honorable Henry Pitman  
United States District Court for the Southern District of New York  
500 Pearl Street  
New York, New York 10007

Re:    *Parker v. United Industries Corp.*, Case No. 17-cv-05353, Discovery Dispute Letter re: Document Production Deficiencies

Dear Judge Pitman:

      I represent Plaintiff in the above-captioned matter.  I write pursuant to Rule I.A of Your Honor's individual practices to bring to your attention several discovery issues concerning Defendant's recent document production.  On July 23, 2018, Plaintiff brought these issues to Defendant's attention via letter.  The parties also conferred via telephone on August 8, 2018 but were unable to reach agreement.  Accordingly, Plaintiff seeks relief from the Court as set forth below.

**1.    Request To Compel Production Of Withheld Product Testing**

      The gravamen of this case is that Plaintiff alleges Cutter Natural Insect Repellent ("Cutter Natural" or the "Product") is ineffective to repel mosquitos and worthless.  Therefore, testing of the Product is highly relevant to this case.  Plaintiff's Request For Production ("RFP") No. 5 requested "[a]ll documents and communications concerning testing performed on the Products." In its response to RFP No. 5, Defendant stated:

> … Defendant objects to Request No. 5 on the grounds that it is overly broad … Subject to and without waiving the foregoing objections, each of which are incorporated herein by reference, Defendant responds to Request No. 5 as follows: Defendant will produce non-privileged documents in its possession, custody, and control that are responsive to this request.

Although Defendant made a boiler-plate objection on the basis that the request was purportedly overly broad, it failed to "state whether any responsive materials are being withheld on the basis of that objection."  *See* F.R.C.P. 34(b)(2)(C).  And it did not "specify the part [of the request it believed was overly broad] and permit inspection of the rest.  *Id.*

Now, Plaintiff's review of Defendant's document production reveals that Defendant has withheld documents concerning testing of the Product. When this issue was raised with Defendant, it insisted that the testing in these documents concerned topics other than efficacy. But this was improper. First, Plaintiff's document review suggests that the tests were indeed efficacy tests. But moreover, Defendant had no right to object to withhold any testing of the product whatsoever, because it never advised Plaintiff of its intent to do so in its discovery responses, pursuant to Rule 34(b)(2)(C). Plaintiff therefore requests that the Court compel production of the following documents:

- <u>2017 Efficacy Testing</u>. Multiple emails in the production refer to "efficacy" and "natural aerosols testing" in Kathy Cearnal's office. *See, e.g.*, 007318, 007330.[1]

- <u>Brazil Repellency Testing.</u> Several documents in the production reference efficacy testing conducted in Brazil sometime in 2016. *See, e.g.*, 007452 (shows that Cutter Natural was sent for repellency testing in Brazil).

- <u>Unspecified 2013 Testing.</u> Document No. 012333 is an April 2013 email from Ryan Eilermann to Keri Weeter. In the email, Ryan informs Keri that "we are going to do some testing" with respect to how a competing product compares to Cutter Natural.

- <u>Eurofins Testing.</u> Document No. 029809 references testing performed by Eurofins on Cutter Natural Insect Repellent.

- <u>Unspecified 2011 Efficacy Testing.</u> Document No. 034225 states that with respect to Cutter Natural, "[e]fficacy testing planned for late January."

**2.      Request To Compel Production Of Missing Sales Data**

Plaintiff's RFP No. 9 calls for the production of "Documents sufficient to show all sales to wholesalers and distributors for each SKU of the Products in the United States and by state during each year within the Class Period ..."

While Defendant has produced some sales data, the data sets that have been produced to date are incomplete. Plaintiff therefore requests that the Court compel Defendant to produce documents reflecting complete sales data during the Class Period.

**3.      Request To Compel Production Of Improperly Redacted Documents**

Defendant has produced to us a large number of completely or partially redacted documents. A list of the improperly redacted documents is attached as **Exhibit A**. Defendant has provided no log explaining these redactions but has generally advised Plaintiff's counsel that the redactions were done on the basis of relevance. Defendant's redactions prevent Plaintiff

---

[1] Plaintiff has not attached all documents referenced herein but can make any or all of the documents available to the Court for review upon request.

from being able to understand the context for the redactions. These redactions are plainly improper. As another court in this Circuit explained:

> Redaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request. It is a rare document that contains only relevant information. And irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information. Fed. R. Civ. P. 34 concerns the discovery of "documents"; it does not concern the discovery of individual pictures, graphics, paragraphs, sentences, or words within those documents. Thus, courts view "documents" as relevant or irrelevant; courts do not, as a matter of practice, weigh the relevance of particular pictures, graphics, paragraphs, sentences, or words, except to the extent that if one part of a document is relevant then the entire document is relevant for the purposes of Fed. R. Civ. P. 34. This is the only interpretation of Fed. R. Civ. P. 34 that yields "just, speedy, and inexpensive determination[s] of every action and proceeding." Fed. R. Civ. P. 1.

*Toussie v. Allstate Ins. Co.*, 2017 WL 4773374, at *4 (E.D.N.Y. Oct. 20, 2017); *see also Envirosource, Inc. v. Horsehead Res. Dev. Co.*, 981 F. Supp. 876, 883 (S.D.N.Y. 1998) ("Plaintiff could hardly be expected … to accept defendant at its word that it had redacted only irrelevant material.") (emphasis added); *In re State Street Bank & Trust Co. Fixed Income Funds Inv. Litig.*, 2009 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) (directing parties not to "redact any portion of a document on the ground that the portion is non-responsive and irrelevant" because such redactions "breed suspicions" and "may deprive the reader of context"); *Jon Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) ("redactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege").

To the extent Defendant is concerned about revealing sensitive trade information, that too is an improper basis to withhold or redact because the parties have a protective order in place. *See* 8A Wright–Miller–Kane, FEDERAL PRACTICE & PROCEDURE (CIVIL), § 2043 (3d Ed. 2011) ("It is well settled that there is no absolute privilege for trade secrets and similar confidential information; the protection afforded is that if the information sought is shown to be relevant and necessary, proper safeguards will attend disclosure"); *Bear Creek Cranberry Co., LLC v. Cliffstar Corp.*, 2011 WL 2882078, at *3 (W.D.N.Y. July 15, 2011) ("[Defendant] may not redact relevant information from the contracts merely because it is confidential."); *In re Autohop Litig.*, 2014 WL 5901220, at *5 (S.D.N.Y. Nov. 4, 2014) ("The Court finds that the retransmission consent agreements . . . are relevant and must be produced unredacted in their entirety, since the parties have a confidentiality agreement in place to address any confidentiality concerns.").

**4.     Request To Compel Documents Improperly Withheld On Basis Of Privilege**

<u>Work Product Assertions Predating Litigation.</u>  Plaintiff sent Defendant a demand letter in this case dated July 5, 2017.  Yet Defendant has asserted privilege pursuant to the work product doctrine for documents created prior to this date, and before Defendant had any reasonable basis to anticipate litigation.  That is improper.  "The party asserting the privilege must demonstrate that a 'substantial probability' of litigation existed at the time the material was created."  *Garrett v. Metropolitan Life Ins. Co.*, 1996 WL 325725, at *3 (S.D.N.Y. June 12, 1996), report and recommendation adopted, 1996 WL 563343 (S.D.N.Y. Oct. 3, 1996); *Fustok v. Conticommodity Servs., Inc.*, 106 F.R.D. 590, 591-92 (S.D.N.Y. 1985) (denying work-product protection because "at the time the report was commissioned or prepared the prospect of litigation was not 'identifiable' because 'specific claims [had not] already arisen'").  These documents appear in Defendant's privilege log as follows: Page 3 of Privilege Log (document authored by Consumer Reports created in 2016); Page 4 (document authored by Stacy D. Rodriguez created in 2015); Page 5 (documents authored by unknown created in May 2010 and April 2012, respectively, duplicate 2016 Consumer Reports entry); Page 11 (3 documents with unknown date and unknown author); Page 12 (two May 23, 2016 documents authored by David Glendening); Page 13 (May 24, 2016 document authored by James Hemmings); Page 17 (document authored by unknown created in 2011, document authored by John Palithorp created May 23, 2016); Page 18 (undated document from unknown author without a recipient).

<u>Third-Party Communications Withheld On Basis Of Attorney-Client Privilege.</u>  Several documents withheld on the purported basis of attorney-client privilege were authored by third-party non-attorneys.  These entries were authored by:  (1) Jeneen Interlandi (a NY Times reporter) (2) PBI-Gordon Corporation, (3) "Dow Agrosciences LLC" (4) "Keynote Consulting" (5) "Jane Hayden," and (6) "Brent D. Flickinger."  These communications are not privileged, and Plaintiff therefore requests that the Court compel their production.

     Accordingly, Plaintiff respectfully requests that the Court compel Defendant to produce the documents listed herein.

                                        Very truly yours,

                                        *U. Kopel*

                                        Yitzchak Kopel

CC:     All counsel of record (via ECF)

Case 1:17-cv-05353-GBD-HBP   Document 26   Filed 08/21/18   Page 5 of 11

**EXHIBIT A**

## **EXHIBIT A**

- 14872
- 15044
- 15228
- 15452
- 15837
- 16146
- 16169
- 16192
- 16215
- 16239
- 16242
- 16265
- 16288
- 16311
- 16330
- 16352
- 16374
- 16396
- 16418
- 16541
- 16467
- 16479
- 16513
- 16538
- 16559
- 16590
- 16611
- 16642
- 16814
- 16836
- 16867
- 16889
- 16913
- 17098
- 17101
- 17122
- 17162
- 17388
- 17422

- 17495
- 17533
- 17785
- 18211
- 18263
- 18300
- 18345
- 18732
- 19074
- 19128
- 19174
- 19178
- 19590
- 19876
- 19941
- 19964
- 20034
- 20170
- 20189
- 20290
- 20307
- 20420
- 20485
- 20598
- 20659
- 20732
- 20830
- 20849
- 20897
- 20945
- 20982
- 21126
- 20829
- 21285
- 21294
- 21405
- 21618
- 21627
- 21707
- 21721
- 21742

- 21781
- 21788
- 21808
- 21964
- 22095
- 22123
- 22193, 94
- 22196
- 22429
- 22661
- 22893
- 23126
- 23175
- 23407
- 23673
- 23830
- 24062
- 24294
- 24756
- 24767
- 24798
- 25118
- 25149
- 25206
- 25208
- 25216
- 25632
- 25977
- 25999
- 26081, 82
- 26085
- 26117
- 26139
- 26161
- 26183
- 26575
- 27009
- 27319
- 27436
- 27476
- 27498

- 27691
- 27692
- 27695
- 27771
- 27715
- 28688
- 29589
- 29679
- 29698
- 29708
- 29742
- 29766
- 29744
- 29780-808
- 29812
- 29838
- 29846, 47
- 29849
- 29851, 52
- 29862
- 30134
- 30232
- 30297
- 30325
- 30334
- 30402
- 30473
- 30831
- 31614
- 31669
- 31848
- 31961
- 32035-81
- 32086
- 32219
- 32230
- 32304
- 32318
- 32323
- 32348
- 32395

- 32490
- 32743
- 32892
- 33035
- 33236
- 33437
- 33536
- 33556
- 33881
- 34038
- 34202-23
- 34225
- 34289
- 34310
- 34331
- 34362
- 34393
- 34424
- 34488
- 34548
- 34741
- 35374
- 35418
- 35425
- 36016
- 36032
- 36066
- 36409
- 36531
- 36600
- 36775
- 36812
- 36898
- 36901
- 36993
- 37236
- 37681
- 37715
- 67761
- 37815
- 37856

- 37894
- 37937
- 37983
- 38057
- 38159
- 38215
- 38256
- 38299
- 38369
- 38425
- 38451
- 38527
- 38564
- 38682
- 38758
- 38920
- 39291
- 39317
- 39323