# BURSOR & FISHER
P.A.

**888 SEVENTH AVENUE**  
**NEW YORK, NY 10019**  
www.bursor.com

YITZCHAK KOPEL  
Tel: **646.837.7127**  
Fax: **212.989.9163**  
ykopel@bursor.com

January 29, 2019

*Via ECF*

The Honorable Henry Pitman  
United States District Court for the Southern District of New York  
500 Pearl Street  
New York, New York 10007

Re:   *Parker v. United Industries Corp.*, Case No. 17-cv-05353, Letter re: Class Certification Briefing Schedule

Dear Judge Pitman:

      I represent Plaintiff in the above-captioned matter. I write pursuant to Rule I.A of Your Honor's Individual Practices to request that the Court set a revised briefing schedule for Plaintiff's forthcoming motion for class certification. Specifically, while the current scheduling order sets the deadline for filing Plaintiff's motion for class certification as June 12, 2019 (*see* ECF No. 31), Plaintiff anticipates that he will be prepared to file his motion early, on February 4, 2019, in accordance with Fed. R. Civ. P. 23(c)(1)(A)'s directive that "the court must determine by order whether to certify the action as a class action" at "an early practicable time after a person sues or is sued as a class representative." Plaintiff therefore requests the following schedule modification:

**Current Schedule**

| | |
|---|---|
| Deadline by which dispositive motions and Plaintiff's Rule 23 Class Certification motion must be filed. | June 12, 2019 |
| Deadline to file oppositions to Plaintiff's Rule 23 Class Certification motion. | July 11, 2019 |
| Deadline to file oppositions to Plaintiff's Rule 23 Class Certification motion. | July 25, 2019 |

**Proposed Revised Schedule**

| | |
|---|---|
| Deadline by which dispositive motions and Plaintiff's Rule 23 Class Certification motion must be filed. | February 2, 2019 |
| Deadline to file oppositions to Plaintiff's Rule 23 Class Certification motion. | March 6, 2019 |
| Deadline to file oppositions to Plaintiff's Rule 23 Class Certification motion. | March 20, 2019 |

The revised briefing schedule proposed by Plaintiff provides an equal amount of time for each party to prepare their submissions, as was provided by the original dates entered by the Court, only moved up by 4.5 months.  In accordance with Fed. R. Civ. P. 1, which directs that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding," Plaintiff can discern no reason to put off determination of his class certification motion by 4.5 months when he is prepared to move immediately.

Defendant has advised that it intends to oppose Plaintiff's request.  Specifically, on January 25, 2019, I emailed counsel for Defendant with the above proposal.  On January 28, 2019, counsel for Defendant replied that it "will not agree to alter the current briefing schedule for class certification, which the parties mutually agreed upon and Magistrate Judge Pitman entered" because Defendant "anticipate[s] that there are issues embedded within the class certification inquiry that will require expert opinion to resolve, and so moving the class certification briefing schedule to before the close of expert discovery is inadvisable and inefficient."  *Id.*  But that is incorrect.  As set forth below, there is no need to further delay class certification and the Court should revise the class certification briefing schedule accordingly.

First, the Court's Order clearly was not intended to preclude parties from making motions on earlier dates.  That is evident from the text of the order which set the "deadline *by* which … Plaintiff's Rule 23 Class Certification motion must be filed."  ECF No. 31 (emphasis added).  Use of the word "by" here, instead of the word "on," is a clear indication that motions may be filed on an earlier date.  And the inclusion of a briefing schedule is clearly meant to apply solely if the motion is filed at the deadline.  Clearly, it would not make sense for Defendant to have 5.5 months to oppose a 25-page motion.

More importantly, Defendant's suggestion that class certification should be delayed until completion of expert discovery is wrong and baseless.  Unlike summary judgment, for which the Rules expressly provide an avenue to delay adjudication until completion of discovery (*See* Fed. R. Civ. P. 56(d)), Rule 23 contains no such provision.  To the contrary, Rule 23 says that class status should be determined "at an early practicable time," which clearly presupposes that the determination will occur prior to the expiration of discovery.  In fact, Rule 23's Advisory Notes make clear that "an evaluation of the probable outcome on the merits is not properly part of the certification decision."  Fed. R. Civ. P. 23(c), Advisory Notes to the 2003 Amendments.  Other courts have recognized this.  *See Bickel v. Sheriff of Whitley Cty.*, 2010 WL 883654, at *3 (N.D. Ind. Mar. 5, 2010) ("because the nature of the claims and issues presented by the Plaintiff's suit are sufficiently defined to be able to conduct a Rule 23 analysis, the Court will deny the Defendant's request to stay determination of the class certification decision until after it has ruled on the parties' cross motions for summary judgment").  *Manning v. Princeton Consumer Discount Co.*, 390 F. Supp. 320 (E.D. Pa. 1975) (declining to defer ruling on class certification until after ruling on summary judgment motion and holding that circumstances did not warrant suspension of plain language of Fed. R. Civ. P. 23(c)(1) that "as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained").

Defendant also faces no prejudice if Plaintiff's request is granted.  The Rules expressly contemplate that new facts may come to light which provide a basis for revisiting the

certification decision.  That is why "an order that grants or denied class certification may be altered or amended before final judgment."  *See* Fed. R. Civ. P. 23(c)(1)(C).  If Defendant believes that expert discovery provides a basis for decertification, it is free to file a motion to decertify the class at that time.

   Accordingly, Plaintiff respectfully requests that the Court enter the proposed briefing schedule for Plaintiff's forthcoming motion for class certification.

              Very truly yours,

              Yitzchak Kopel

CC: All counsel of record (via ECF)