Page 1

1        IN THE UNITED STATES DISTRICT COURT
2           SOUTHERN DISTRICT OF NEW YORK
3  NICHOLAS PARKER, on behalf
   of himself and all others
4  similarly situated,
              Plaintiffs,
5
   v.                              Civil Action No.
6                                  17-cv-5353-GBD
   UNITED INDUSTRIES CORPORATION,
7             Defendant.
8
9              ~~~~~~~~~~~~~~~~~
10
11              30(b)(60 Deposition of
12      DEFENDANT UNITED INDUSTRIES CORPORATION
13         (Volume I, Non-Confidential Sections)
14            (Witness:  TRAVIS WOOD)
15
16              December 18, 2018
17               10:44 A.M., CST
18
19                  Taken at:
20              Gore/Perry Veritext
21           515 Olive Street, Suite 300
22              St. Louis, Missouri
23
24                 Reported by:
25          J. Bryan Jordan, CCR-MO

```
                                                          Page 2
 1   APPEARANCES:
 2
 3   On behalf of the Plaintiff(s):
 4        Bursor & Fisher, P.A., by
 5             Yitzchak Kopel, Esq. (Via video)
 6             Alec Leslie, Esq.
 7             888 7th Avenue
 8             New York, NY 10019
 9             (646) 837-7150 Phone
10             (212) 989-9163 Fax
11             ykopel@bursor.com
12             aleslie@bursor.com
13
14   On behalf of the Defendant:
15        Tucker & Ellis, LLP, by
16             Ms. Ronie M. Schmelz, Esq.
17             515 South Flower Street
18             Forty-Second Floor
19             Los Angeeles, CA  90071-2223
20             (213) 430-3375
21             (213) 430-3409 Fax
22             ronie.schmelz@tuckerellis.com
23
24   THE VIDEOGRAPHER:
25             Patrick Hoctor
```

```
 1                     TRANSCRIPT INDEX
 2
 3   APPEARANCES ................................    2
 4
     INDEX OF EXHIBITS ..........................   3 - 4
 5   EXAMINATION OF TRAVIS WOOD:
 6
     BY MR. KOPEL ...............................    5
 7
 8   SECTION DESIGNATED AS HIGHLY CONFIDENTIAL (up
     to and including Reporter's Certificate) ....  106-116
 9
10   REPORTER'S CERTIFICATE .....................   124
11
12   EXHIBIT CUSTODY
13   (All exhibits were retained by the court reporter for
14   scanning and were returned to Mr. Leslie the following
15   day.)
16                     INDEX OF EXHIBITS
17   NUMBER                 DESCRIPTION                 MARKED
18   Plaintiff's Exhibits
19   Exhibit  9 -- LinkedIn profile (2 pages, no
                   Bates numbers) .....................    13
20
     Exhibit 10 -- Outside label for Cutter
21               Natural Insect Repellant, with
                 directions for use, Bates Nos. UIC
22               000050 - UIC 000052 ................    38
23   Exhibit 11 -- Page out of one of Travis
                 Wood's notebooks, specifically
24               containing repellency data, Bates
                 Nos. UIC 014665 through UIC 014674.    45
25
```

Page 4

```
              INDEX OF EXHIBITS, CONTINUED
NUMBER                    DESCRIPTION                MARKED
Plaintiff's Exhibits

Exhibit 12 -- Table listing protection times
         for various mosquito repellent
         products, Bates No. UIC 006837
         (2 pages; second page has no Bates
         number) ............................    70

Exhibit 13 -- E-mail with attached testing
         data, (marked Highly Confidential),
         Bates Nos. UIC 035417 through UIC
         035423 ............................    74

Exhibit 14 -- Chart of average protection
         times for various repellents against
         various mosquito species, Bates No.
         UIC 014676 ........................    81

Exhibit 15 -- Consumer Reports article
         entitled "Ratings:  Insect
         Repellents," UIC 005916 through
         005920 ............................    97

Exhibit 16 -- Consumer Reports article
         entitled "Cutter Natural Insect
         Repellent" (2 pages, no Bates nos.)    98

Exhibit 17 -- Document titled "Method 6A
         Mosquito Repellent Testing
         Procedure," (1 page, no Bates
         number).  (NOTE: To be included
         only in the separate, highly
         confidential section of the
         transcript) .......................   109

Exhibit 18 -- e-mail chain in relation to a
         consumer complaint, Bates Nos. UIC
         0068901 through UIC 006894 ........   117
```

1        THE VIDEOGRAPHER:  We are on the video
2   record.  The time is 10:44.  I have complied with all
3   state and Federal Rules.
4        If you could, please, introduce yourselves
5   for the record, beginning with the Plaintiff's
6   attorney.
7        MR. KOPEL:  This is Yitzchak Kopel, Bursor
8   & Fisher, attending by video.  With me today is my
9   colleague, Alec Leslie.
10        MS. SCHMELZ:  Ronie Schnelz, on behalf of
11   Defendant.
12        THE VIDEOGRAPHER:  Thank you, Counsel.  You
13   may swear the witness at this time, and we will begin.
14                    TRAVIS WOOD,
15   of lawful age, having been first duly sworn to testify
16   the truth, the whole truth, and nothing but the truth
17   in the case aforesaid, deposes and says in reply to
18   oral interrogatories propounded as follows, to-wit:
19                     EXAMINATION
20   QUESTIONS BY MR. KOPEL:
21        Q.   Good morning, Mr. Wood.
22        A.   Good morning.
23        Q.   Can you, please, state your name and address
24   for the record?
25        A.   My name is Travis Wood.  My address is 2919

Page 29

1  products?
2      A.   Our in-house testing consisted of primarily
3  using myself as a subject, using a mosquito cage to
4  determine an average protection time for a formula.
5      Q.   Was that arm-in-cage testing?
6      A.   Yes.
7      Q.   Did you conduct any other sort of testing
8  other than arm-in-cage testing when it came to
9  personal repellents?
10     A.   I don't believe so.  I'm trying to think.
11 There might have been some products where we did
12 repellancy testing against ticks where there would be
13 a clothing application, but I think that was--it might
14 have been a different product line.
15     Q.   What about tests for toxicity?  Did you
16 conduct any tests for toxicity of products?
17     A.   No, I did not.
18     Q.   You said earlier you did arm-in-cage tests
19 which were done to determine average protection time.
20 Why is it important to determine the average
21 protection time of a personal repellant?
22     A.   In our case, our internal testing, we were
23 determining protection time in order to compare
24 different formulas to determine--as a data point for
25 what formula to send for outside testing.

1      Q.   When you conducted in-house arm-in-cage
2   testing, did--did your protocol vary, or did you
3   always use the same protocol?
4      A.   I had a--I used the protocol that existed
5   prior to me starting at the company, and if it varied,
6   I probably would have noted any sort of change that I
7   made.
8      Q.   Okay, so sitting here right now, you don't
9   know that, at any time, varied; correct?
10     A.   No, generally, I believe the protocol we
11  used was the same basic protocol.
12     Q.   Okay, did you ever conduct tests using a
13  different protocol?
14     A.   Not that I recall, no.
15     Q.   Do you know who authored this protocol?
16     A.   I don't know for sure, but it might have
17  been my predecessor, the research biologist that was
18  there before me.
19     Q.   What was that person's name?
20     A.   It was Jake--I'm blanking on the last name
21  right now.
22     Q.   So in your LinkedIn profile, it says,
23  "Served"--and I'm reading from page 2 of 4--it says,
24  "Served as principal investigator in the development
25  and implementation of test methodology for product

Page 124

```
 1  State of Missouri.        )
 2                            ) SS.
 3  City of St. Louis         )
 4              I, J. Bryan Jordan, a Certified Court
 5  Reporter in and for the State of Missouri, duly
 6  commissioned, qualified and authorized to administer
 7  oaths and to certify to depositions, do hereby certify
 8  that pursuant to Notice in the civil cause now pending
 9  and undetermined in the United States District Court
10  for the Southern District of New York, to be used in
11  the hearing of said cause before said court, I was
12  attended at the offices of Gore/Perry Veritext, 515
13  Olive Street, Suite 300, in the City of St. Louis,
14  State of Missouri, by the aforesaid witness and by the
15  aforesaid attorneys, on the 18th day of December,
16  2018.
17              The said witness, TRAVIS WOOD, being of
18  sound mind and being by me first carefully examined
19  and duly cautioned and sworn to testify the truth, the
20  whole truth, and nothing but the truth in the case
21  aforesaid, thereupon testified as is shown in the
22  foregoing transcript, said testimony being by me
23  reported in shorthand and caused to be transcribed
24  into typewriting, and that the foregoing pages
25  correctly set forth the testimony of the
```

Page 125

1  aforementioned witness, together with the questions
2  propounded by counsel and remarks and objections of
3  counsel thereto, and is in all respects a full, true,
4  correct and complete transcript of the questions
5  propounded to and the answers given by said witness;
6  that signature of the deponent was not waived by
7  agreement of counsel.
8         I further certify that I am not of
9  counsel or attorney for either of the parties to said
10 suit, not related to nor interested in any of the
11 parties or their attorneys.
12         Witness my hand and official seal at
13 St. Louis, Missouri, this 26th day of December, 2018.
14
15
16
17
18
19        _____
20              J. Bryan Jordan
21           Certified Court Reporter
22           State of Missouri No. 532
23
24
25

```
                                                      Page 126
 1                     Veritext Legal Solutions
                          1100 Superior Ave
 2                           Suite 1820
                        Cleveland, Ohio 44114
 3                       Phone: 216-523-1313
 4
      December 27, 2018
 5
      To: Ronie M. Schmelz
 6
      Case Name: Parker, Nicholas v. United Industries Corporation
 7
      Veritext Reference Number: 3176760
 8
      Witness:  Travis Wood        Deposition Date:  12/18/2018
 9
10    Dear Sir/Madam:
11
      Enclosed please find a deposition transcript.  Please have the witness
12
      review the transcript and note any changes or corrections on the
13
      included errata sheet, indicating the page, line number, change, and
14
      the reason for the change.  Have the witness' signature notarized and
15
      forward the completed page(s) back to us at the Production address
16    shown
17    above, or email to production-midwest@veritext.com.
18
      If the errata is not returned within thirty days of your receipt of
19
      this letter, the reading and signing will be deemed waived.
20
21    Sincerely,
22    Production Department
23
24
25    NO NOTARY REQUIRED IN CA
```

```
                                                    Page 128
 1              DEPOSITION REVIEW
              CERTIFICATION OF WITNESS
 2
    ASSIGNMENT REFERENCE NO: 3176760
 3  CASE NAME: Parker, Nicholas v. United Industries Corporation
    DATE OF DEPOSITION: 12/18/2018
 4  WITNESS' NAME: Travis Wood
 5       In accordance with the Rules of Civil
    Procedure, I have read the entire transcript of
 6  my testimony or it has been read to me.
 7       I have listed my changes on the attached
    Errata Sheet, listing page and line numbers as
 8  well as the reason(s) for the change(s).
 9       I request that these changes be entered
    as part of the record of my testimony.
10
         I have executed the Errata Sheet, as well
11  as this Certificate, and request and authorize
    that both be appended to the transcript of my
12  testimony and be incorporated therein.
13   1/15/19                    _____
    Date                         Travis Wood
14
         Sworn to and subscribed before me, a
15  Notary Public in and for the State and County,
    the referenced witness did personally appear
16  and acknowledge that:
17       They have read the transcript;
         They have listed all of their corrections
18       in the appended Errata Sheet;
         They signed the foregoing Sworn
19       Statement; and
         Their execution of this Statement is of
20       their free act and deed.
21       I have affixed my name and official seal
22  this  15th  day of  January          , 20 19 .
23           Rafael Alshamari
             Notary Public
24
             Nov 6, 2020
25           Commission Expiration Date
```

Page 129

ERRATA SHEET

VERITEXT LEGAL SOLUTIONS MIDWEST

ASSIGNMENT NO: 12/18/2018

| PAGE/LINE(S) | CHANGE | REASON |
|---|---|---|
| Page 18, Line 11 | Change date from 20508 to 2008 | |
| Page 26, Line 12 | Change "know" to "note" | |
| Page 37, Line 14 | Change "time" to "team" | |
| Page 42, line 18 | Change "database" to "data based" | |
| Page 62, Line 3 | Change "PJW" to "TJW" | |

1/15/19

Date                                        Travis Wood

SUBSCRIBED AND SWORN TO BEFORE ME THIS 15th

DAY OF January, 2019.

Rafael Alshamari
Notary Public

Nov. 6, 2020
Commission Expiration

RAFAEL ALSHAMARI
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 16039535
My Commission Expires November 06, 2020

Veritext Legal Solutions
www.veritext.com                                           888-391-3376