**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICHOLAS PARKER, on behalf of himself and all others similarly situated,<br><br>                  Plaintiff,<br>    v.<br><br>UNITED INDUSTRIES CORPORATION,<br><br><br>                  Defendant. | Civil Action No. 1:17-cv-05353-GBD-HBP |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE INADMISSIBLE EVIDENCE AND TESTIMONY**

Dated: May 3, 2019

**BURSOR & FISHER, P.A.**

Scott A. Bursor
Yitzchak Kopel
Alec M. Leslie
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
Email: scott@bursor.com
      ykopel@bursor.com
      aleslie@bursor.com

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

**PAGE(S)**

INTRODUCTION .................................................................................................................. 1

I. THE COURT MAY NOT CONSIDER INADMISSIBLE EVIDENCE ON A MOTION FOR CLASS CERTIFICATION .................................................... 2

II. THE DECLARATIONS OF MS. APPLEBUM AND MS. STANSBURY ARE INADMISSIBLE ......................................................................................... 4

    A. Defendant Has Subverted the Discovery Process By Failing to Disclose the Existence of Ms. Applebum and Ms. Stansbury ............................... 4

    B. The Declarations of Ms. Applebum and Ms. Stansbury Are Inadmissible Because Subjective Consumer Testimonials May Not Be Offered to Rehabilitate a Mislabeled Product .................................................. 6

III. ANONYMOUS INTERNET REVIEWS OF CUTTER NATURAL ARE INADMISSIBLE BOTH AS FACTUAL EVIDENCE AND AS EXPERT OPINION ..................................................................................................... 7

    1. Anonymous Internet Reviews Constitute "Hearsay of the Rankest Form" ...................................................................................7

    2. Anonymous Internet Reviews are Not Admissible Under Rule 703 ....................................................................................8

IV. DR. MARTIN'S OPINION THAT MR. WEIR'S FULL REFUND THEORY FAILS TO ACCOUNT FOR SATISFIED CONSUMERS MUST BE PRECLUDED BECAUSE IT IS NOT BASED ON SUFFICIENT FACTS OR DATA ................................................................. 9

    A. Anonymous Internet Reviews of Cutter Natural ...................................... 9

    B. Two Declarations of Purported Consumers, Only One of Whom is a Class Member in This Case .................................................................. 10

    C. The Alleged "Paucity" of Consumer Complaints ................................... 11

CONCLUSION .................................................................................................................. 12

**TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES**

*Affiliati Network, Inc. v. Wanamaker*,
2017 WL 7361048 (S.D. Fla. Aug. 14, 2017) ........................................................................... 9

*Alfano v. National Geographic Channel, et al.*,
2007 WL 2982757 (E.D.N.Y. Oct. 5, 2007) ............................................................................ 5

*All Star Carts & Vehicles, Inc. v. BFI Canada Income Fund*,
280 F.R.D. 78 (E.D.N.Y. 2012)................................................................................................ 2

*Auraria Student Housing at the Regency, LLC v. Campus Village Apartments, LLC*,
2014 WL 4651643 (D. Colo. Sep. 18, 2014)............................................................................ 8

*Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n*,
239 F. Supp. 2d 316 (E.D.N.Y. 2003) ................................................................................. 2, 3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993) .............................................................................................................. 3, 4

*Degelman Indus., Ltd. v. Pro–Tech Welding & Fabrication, Inc.*,
2011 WL 6754059 (W.D.N.Y. June 8, 2011)........................................................................... 5

*Ehrlich v. Inc. Vill. of Sea Cliff*,
2007 WL 1593223 (E.D.N.Y. June 1, 2007).......................................................................... 6

*Fleming v. Verizon N.Y., Inc.*,
2006 WL 2709766 (S.D.N.Y. Sept. 22, 2006) .................................................................... 5, 6

*Holak v. Kmart Corp.*,
2014 WL 2565902 (E.D. Cal. June 6, 2014) .......................................................................... 5

*In re Initial Pub. Offerings Secs. Litig.*,
471 F.3d 24 (2d Cir. 2006) ................................................................................................... 3, 8

*In re Salomon Analyst Metromedia Litig.*,
544 F.3d 474 (2d Cir. 2008) ................................................................................................. 2, 3

*In re Zyprexa Prod. Liab. Litig.*,
489 F. Supp. 2d 230 (E.D.N.Y. 2007)..................................................................................... 10

*Kamen v. Am. Tel. & Tel. Co.*,
791 F.2d 1006 (2d Cir. 1986) ............................................................................................... 2, 3

*Koppell v. New York State Bd. of Elections*,
  97 F. Supp. 2d 477 (S.D.N.Y. 2001) ........................................................................ 10

*L-3 Commc'ns Corp. v. OSI Sys., Inc.*,
  2005 WL 712232 (S.D.N.Y. Mar. 28, 2005).............................................................. 6

*Lujan v. Cabana Management, Inc.*,
  284 F.R.D. 50 (E.D.N.Y. 2012)................................................................................. 2

*Playtex Prod., Inc. v. Procter & Gamble Co.*,
  2003 WL 21242769 (S.D.N.Y. May 28, 2003) ........................................................ 10

*U.S. v. Biesiadecki*,
  933 F.2d 539 (7th Cir. 1991) ..................................................................................... 6

*U.S. v. Ciccone*,
  219 F.3d 1078 (9th Cir. 2000) ................................................................................... 6

*U.S. v. Diamond*,
  430 F.2d 688 (5th Cir. 1970) ..................................................................................... 6

*U.S. v. Woolf*,
  2008 WL 5156313 (E.D. Va. 2008) .......................................................................... 6

*United States v. Elliott*,
  62 F.3d 1304 (11th Cir. 1996) ................................................................................... 6

*Univ. Electronics, Inc. v. Univ. Remote Control, Inc.*,
  2014 WL 12586737 (C.D. Cal. Apr. 21, 2014) ......................................................... 8

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ................................................................................................... 3

**RULES**

Fed. R. Evid. 401 ............................................................................................................ 6

Fed. R. Evid. 402 .................................................................................................... 1, 6, 7

Fed. R. Evid. 702 ............................................................................................................ 2

Fed. R. Evid. 702(b)........................................................................................................ 2

Fed. R. Evid. 703 ..................................................................................................... passim

Fed. R. Evid. 1101 .......................................................................................................... 2

Fed. R. Evid. 101 ............................................................................................................ 2

**INTRODUCTION**

Defendant's opposition to Plaintiff's motion for class certification contains several categories of evidence that are inadmissible and thus prohibited from the Court's consideration.

First, Defendant relies upon two declarations from Ms. Applebum and Ms. Stansbury, who purport to be "satisfied consumers" of Cutter Natural. But neither of these individuals were disclosed to Plaintiff until Defendant filed its opposition brief, long after the close of fact discovery, in direct contravention of the Federal Rules of Civil Procedure. More importantly, however, both of these declarations should be stricken as irrelevant under Fed. R. Evid. 402. *See infra* § III.

Second, Defendant relies upon online, anonymous consumer internet reviews in support of its argument that some consumers received value from Cutter Natural. It is well-settled that online, anonymous reviews of this kind are irrelevant, unreliable, and therefore inadmissible. *See infra* § IV. As Judge Pauley of this District explained, online reviews ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ constitute "hearsay of the rankest form." *See* Kopel Decl. Ex. 1 (2/12/19 Hr'g Tr. at 24:16-17, *Hart et al. v. BHH, LLC et al.*, 1:15-cv-04804 (S.D.N.Y. 2015). They also do not constitute the "kinds of facts or data" that "experts in the particular field would reasonably rely on … in forming an opinion on the subject." *See* Fed. R. Evid. 703.

Third, Defendant argues that a supposed "paucity of consumer complaints" shows that some class members were satisfied with the product. But that is factually incorrect and logically incomplete. Consumer complaints about the ineffectiveness of Cutter Natural were legion, and even if they were not, it would still not be indicative of satisfied consumers. *See infra* § V.

Fourth, because Defendant's expert, Dr. Denise Martin, relies on the above three

categories of inadmissible and irrelevant evidence to support her opinion that Plaintiff's damages

model fails to account for satisfied consumers, this opinion is unsupported by "sufficient facts or

data" and must be stricken. *See* Fed. R. Evid. 702(b).

## I.    THE COURT MAY NOT CONSIDER INADMISSIBLE EVIDENCE ON A MOTION FOR CLASS CERTIFICATION

Rule 101 of the Federal Rules of Evidence proclaims that "[t]hese rules apply to

proceedings in United States courts."  The only "exceptions" (i.e., proceedings exempt from the

Federal Rules of Evidence) "are set out in Rule 1101."  Fed. R. Evid. 101. Critically, proceedings

relating to class certification are *not* among the exceptions listed in Rule 1101.  *See* Fed. R. Evid.

1101.  Thus, the Federal Rules of Evidence apply, in their entirety, to the present motion.

While the Second Circuit has not formally commented on the evidentiary standards

applicable to Rule 23 motions, district courts in this Circuit have uniformly agreed that "the

Second Circuit would require that such declarations [attached to Rule 23 briefing] be admissible

i.e., based on personal knowledge and either non-hearsay or information subject to hearsay

exceptions."  *Lujan v. Cabana Management, Inc.*, 284 F.R.D. 50, 64 (E.D.N.Y. 2012); *see also*

*All Star Carts & Vehicles, Inc. v. BFI Canada Income Fund*, 280 F.R.D. 78, 82 (E.D.N.Y. 2012)

("A decision as to the *admissibility* of the Stevens Report bears directly and importantly on the

motion for class certification.") (emphasis added).  For example, in determining a threshold

issue, such as jurisdiction, district courts have agreed that they may not rely on inadmissible

hearsay.  *See Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n*, 239 F. Supp. 2d 316,

319 (E.D.N.Y. 2003) (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

In 2008, the Second Circuit considered what level of factual finding was required to

certify a class in the context of a class action for securities fraud.  *See In re Salomon Analyst*

*Metromedia Litig.*, 544 F.3d 474 (2d Cir. 2008).  In its decision, the Second Circuit addressed a

2004 district court opinion that had held that the plaintiffs had to make a "prima facie" showing

of a particular element of securities fraud by "admissible evidence."  *See id.* at 486 n.9.

However, the Second Circuit rejected the district court's "prima facie" standard, *while tacitly*

*accepting the requirement that it may only consider admissible evidence*. *See id.* at 486 n. 9.

Similarly, in the case of *In re Initial Pub. Offerings Secs. Litig.*, 471 F.3d 24, 42 (2d Cir. 2006),

the Second Circuit unambiguously held that courts may not rely on inadmissible hearsay in

determining threshold issues, such as jurisdiction.  *See Commercial Union Ins. Co. v. Blue Water*

*Yacht Club Ass'n*, 239 F. Supp. 2d 316, 319 (E.D.N.Y. 2003) (citing *Kamen v. Am. Tel. & Tel.*

*Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

    Moreover, the Supreme Court has indicated that courts should only consider *admissible*

evidence in connection with a motion for class certification.  In *Wal-Mart Stores, Inc. v. Dukes*,

564 U.S. 338, 354 (2011), the Supreme Court discussed the standards for evaluating expert

opinions in the context of a motion for class certification, where it stated:

> The parties dispute whether [plaintiffs' expert's] testimony even
> met the standards for the admission of expert testimony under
> Federal Rule of Evidence 702 and our *Daubert* [*v. Merrell Dow*
> *Pharmaceuticals, Inc.*, 509 U.S. 579] case. The District Court
> concluded that *Daubert* did not apply to expert testimony at the
> certification stage of class-action proceedings. We doubt that is
> so....

 *Id.* (internal citation and footnote omitted).

    Because the categories of evidence and testimony discussed herein are inadmissible, the

Court may not consider them in rendering its decision.

## II. THE DECLARATIONS OF MS. APPLEBUM AND MS. STANSBURY ARE INADMISSIBLE

The declarations of Ms. Applebum and Ms. Stansbury were submitted by Defendant in opposition to Plaintiff's motion for class certification. *See* ECF No. 58 (Exhibit H to the Declaration of Michael Ruttinger). Although Defendant characterizes Ms. Applebum and Ms. Stansbury as "consumers who purchased Cutter Natural for a variety of reasons, used it, and attest that the product *was* effective," only Ms. Stansbury claims to have actually purchased Cutter Natural. *See id.* In addition, Dr. Denise Martin, Defendant's damages expert, ████████ ████████████████████████████████████████ ████████████████ But the declarations are inadmissible because (1) Defendant failed to disclose the existence of Ms. Applebum and Ms. Stansbury until is filed its opposition brief, after fact discovery had already closed, and because (2) it is well-settled that Defendant may not offer evidence of positive customer testimonials to rehabilitate a mislabeled or fraudulent product.

### A. Defendant Has Subverted the Discovery Process By Failing to Disclose the Existence of Ms. Applebum and Ms. Stansbury

Pursuant to the Revised Scheduling Order signed by Judge Pitman October 1, 2018, fact discovery closed on January 15, 2019. *See* ECF No. 31. As mentioned above, Ms. Applebum and Ms. Stansbury were not included on Defendant's Initial Disclosures. *See* Kopel Decl. Ex. 2 (Defendant's Initial Disclosures). No supplemental disclosures regarding these witnesses were served while discovery was underway. In fact, Plaintiff was only made aware of their existence upon reviewing Defendant's opposition to his class certification motion. Defendant kept Ms. Applebum and Ms. Stansbury hidden from Plaintiff even despite the fact their identities are responsive to Plaintiff's discovery requests:

**RFP No. 21:** All communications between you and any consumer purchasers of the Products regarding the Products.

**RFP No. 33:** All documents and communications relevant to identifying individual consumer purchasers of the Products during the Class Period.

*See* Kopel Decl. Ex. 3. That is improper and prejudicial. *See Alfano v. National Geographic Channel, et al.*, 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007) (Rule 26(a)(1) requires the disclosure "not merely that a person is a potential source of information, but that the party may call upon him to provide it.").

In the instant case, Defendant's failure to disclose the existence of Ms. Applebum and Ms. Stansbury until several months after the close of fact discovery has deprived Plaintiff of any opportunity to seek discovery from these witnesses. The Court's inquiry should end here, and the declarations of Ms. Applebum and Ms. Stansbury should be stricken in their entirety. *See Holak v. Kmart Corp.*, 2014 WL 2565902, at *8 (E.D. Cal. June 6, 2014) ("Plaintiff failed to timely disclose the names and contact of information of the other witnesses before the discovery deadline. Accordingly, declarations of the others are untimely and hereby stricken."); *Degelman Indus., Ltd. v. Pro–Tech Welding & Fabrication, Inc.*, 2011 WL 6754059, at *2 (W.D.N.Y. June 8, 2011) (striking affidavit submitted in opposition to summary judgment motion where "Defendants' initial disclosures did not list Mr. Craig as a witness, no supplemental disclosures regarding Mr. Craig were served during discovery, and Defendants first placed Plaintiff on notice of Mr. Craig when they filed the Craig Affidavit in support of their opposition to Plaintiff's motion for partial summary judgment."); *Fleming v. Verizon N.Y., Inc.*, 2006 WL 2709766, at *8–9 (S.D.N.Y. Sept. 22, 2006) (striking declarations of four undisclosed witnesses

and holding that "[a]bsent the disclosure of the declarants' identities under Rule 26(a), it would be unreasonable to expect Verizon to depose them").[1]

**B.      The Declarations of Ms. Applebum and Ms. Stansbury Are Inadmissible Because Subjective Consumer Testimonials May Not Be Offered to Rehabilitate a Mislabeled Product**

Under Federal Rule of Evidence 402, "irrelevant evidence is not admissible." *See* Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Courts have widely held that defendants may not offer evidence of positive customer testimonials to rehabilitate a mislabeled or fraudulent product. *See, e.g.*, *U.S. v. Woolf*, 2008 WL 5156313, at *2 (E.D. Va. 2008) ("[I]t is clear that subjective, opinion testimony by a customer about that customer's ultimate satisfaction – unlike the factual testimony about … [the veracity of the defendant's] promises … a – is not relevant" in a fraud case); *see also U.S. v. Ciccone*, 219 F.3d 1078, 1082 (9th Cir. 2000) ("[I]t is not an abuse of discretion to exclude" evidence of the "uninformed opinion of the victims" of an alleged fraud); *accord United States v. Elliott*, 62 F.3d 1304, 1308 (11th Cir. 1996), *amended by* 82 F.3d 989 (11th Cir. 1996) (trial court was correct to exclude testimonials of "satisfied" customers because proof of fraud "lies in the substance of [the defendant's] misrepresentations," not the victims' subjective perceptions); *U.S. v. Biesiadecki*, 933 F.2d 539, 544 (7th Cir. 1991) (customer-satisfaction evidence "improperly shift[s]" the focus from the defendants' misrepresentations to "the beliefs of the victims of the alleged scheme to defraud"); *U.S. v. Diamond*, 430 F.2d 688, 693 (5th Cir. 1970) (upholding exclusion of "letters received by the defendants from customers

---

[1] *See also Ehrlich v. Inc. Vill. of Sea Cliff*, 2007 WL 1593223, at *3 (E.D.N.Y. June 1, 2007) (precluding witness testimony under Rule 37(c)(1) for failure to comply with Rule 26(a) (1)(A)); *Fleming v. Verizon New York, Inc.*, 2006 WL 2709766, at *8-9 (Sept. 22, 2006) (same); *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 2005 WL 712232, at *2 (S.D.N.Y. Mar. 28, 2005) (same).

indicating satisfaction"). Thus, positive consumer testimonials regarding Cutter Natural, including the declarations of Ms. Applebum and Ms. Stansbury, are both irrelevant and inadmissible under Fed. R. Evid. 402.

## III. ANONYMOUS INTERNET REVIEWS OF CUTTER NATURAL ARE INADMISSIBLE BOTH AS FACTUAL EVIDENCE AND AS EXPERT OPINION

In its opposition to Plaintiff's motion for class certification, Defendant relied on anonymous "reviews for Cutter Natural posted on Amazon.com, as well as the websites hosted by Wal-Mart, Lowe's, and Home Depot" as evidence of purportedly satisfied consumers. Opp. at 11. Moreover, Dr. Denise Martin ███████████████████████████████████

████████████████████████████████████████████████████████

███████████████████ *See, e.g.*, Martin Rebuttal, ¶ 20, n.18, n.19, n.20, n.21, n.22, n.24, n.25, n.26, n.27, and n.28. That is improper. As set forth below, this testimony is inadmissible hearsay and fails to comply with Fed. R. Evid. 703.

### 1. Anonymous Internet Reviews Constitute "Hearsay of the Rankest Form"

Defendant attempts to introduce evidence of "satisfied consumers" by relying upon internet reviews from people using anonymous monikers the likes of "lizardo," "webbie-20," "AZHawg," "steamenginesteve," and "GolfingGrandma," just to name a few.[2]

When faced with a similar attempt by a defendant to use online, anonymous customer reviews as evidence of purported "consumer satisfaction," Judge Pauley of this District recently explained that online reviews, such as the ones Defendant seeks to rely upon, constitute "hearsay of the rankest form." *See* Kopel Decl. Ex. 1 (2/12/19 Hr'g Tr. at 24:16-17, *Hart et al. v. BHH,*

---

[2] *See, e.g.*, https://www.amazon.com/Cutter-Natural-Insect-Repellent-6-ounce/product-reviews/B004J1IS5U/ref=cm_cr_getr_d_paging_btm_prev_1?ie=UTF8&reviewerType=all_reviews&filterByStar=four_star&pageNumber=1; *see also* https://www.homedepot.com/p/Cutter-Natural-Insect-Repellent-6-oz-DEET-FREE-Pump-Spray-HG-95917-1/203590772.

*LLC et al.*, 1:15-cv-04804 (S.D.N.Y. 2015). "In a world where manufacturers are paying people to post favorable reviews … how do we know who wrote them?  The answer is we don't."  *Id.* at 24:17-25:14; *see also* Kopel Decl. Ex. 4, 4/1/2019 Order on motion *in limine*, *Hart et al. v. BHH, LLC et al.*, 1:15-cv-04804 (S.D.N.Y. 2015) at 101:14-15 ("These documents are rank hearsay and therefore inadmissible.").

Even "verified reviews" have been shown to be written by fraudsters.[3]  Given that we do not know who wrote the reviews, they are irrelevant and inadmissible— both as factual evidence and as expert opinion.  *See also SolidFX, LLC v. Jeppesen Sanderson, Inc.*, 2014 WL 1131361, at *5 (D. Colo. Apr. 2, 2014) (granting motion *in limine* to exclude Internet reviews because "anonymous online comments . . . are inherently unreliable").

### 2.      Anonymous Internet Reviews are Not Admissible Under Rule 703

Other courts faced with this exact issue have repeatedly recognized that expert opinions based on anonymous Internet reviews are precisely the type of junk science that *Daubert* was meant to address.  Defendant offers no basis why this Court should differ.  *See Auraria Student Housing at the Regency, LLC v. Campus Village Apartments, LLC*, 2014 WL 4651643, at *7 (D. Colo. Sep. 18, 2014) ("[A]nonymous online comments are not admissible under Rule 703.  The Court finds it difficult to believe that a qualified expert could credibly testify that anonymous online comments are the type of evidence that is typically relied upon by an expert in their field. Moreover, the Court finds that the possibility that the jury may misuse this otherwise inadmissible evidence outweighs any possible need to admit the evidence to support the expert opinions."); *Univ. Elecs., Inc. v. Univ. Remote Control, Inc.*, 2014 WL 12586737, at *5-6 (C.D.

---

[3] *See* Lisa Fickenscher, *Scammers Elude Amazon Crackdown on Fake Reviews with New Tricks* (NY Post May 19, 2017), https://nypost.com/2017/05/19/scammers-elude-amazon-crackdown-on-fake-reviews-with-new-tricks/.

Cal. Apr. 21, 2014) (precluding expert testimony based on "anonymous internet reviews" as hearsay because "Rule 703 cannot be used as a backdoor to get evidence before the jury"); *Affiliati Network, Inc. v. Wanamaker*, 2017 WL 7361048, at *9 (S.D. Fla. Aug. 14, 2017) ("Hochman relies entirely on anecdotal complaints by anonymous sources, without verifying … the authenticity of any of the ratings or reviews on these two websites, which is unacceptable under *Daubert*.").

## IV.  DR. MARTIN'S OPINION ████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████ But the Federal Rules of Evidence prohibit Dr. Martin from relying on any of these.  Because Dr. Martin's opinion lacks sufficient facts or data, this entire opinion is inadmissible.  *See* Fed. R. Evid. 703.

### A.  Anonymous Internet Reviews of Cutter Natural

First, as noted above, anonymous internet reviews are not sufficiently reliable to form the basis of an expert opinion.  *See supra* § III.2.  Use such reviews is barred by Fed. R. Evidence 703 and is routinely excluded from expert testimony.  ████████████████████████
████████████████████████████████████

**B.      Two Declarations of Purported Consumers, Only One of Whom is a Class Member in This Case**

As mentioned above, the declarations of both Ms. Applebum and Ms. Stansbury are inadmissible because Defendant failed to disclose their existence pursuant to the Federal Rules of Civil Procedure and because they are irrelevant. *See supra* Section II. For the same reasons, this inadmissible fact evidence cannot be shoehorned into the record through Rule 703.

Moreover, of the two declarations submitted, only one of the declarants purports to even be a satisfied class member. No qualified expert would conclude that a legitimate number of satisfied consumers exist based on <u>a single declaration </u>from a purported class member. ███

████████████████████████████████████████████████

███████████████████████████████████████. *See*

*Playtex Prod., Inc. v. Procter & Gamble Co.*, 2003 WL 21242769, at *10 (S.D.N.Y. May 28, 2003), aff'd, 126 F. App'x 32 (2d Cir. 2005) ("Dr. Minken's conclusions concerning Playtex's 'So Comfortable You Can't Even Feel Them' advertising claim founded solely on 'anecdotal evidence' are unreliable and are not based on scientific knowledge."); *In re Zyprexa Prod. Liab. Litig.*, 489 F. Supp. 2d 230, 284 (E.D.N.Y. 2007) ("Expert opinions based on insufficient facts or data, or on unsupported suppositions is not acceptable. Anecdotal evidence and 'generalized assumptions' are inadequate bases for an expert report."); *Koppell v. New York State Bd. of Elections*, 97 F. Supp. 2d 477, 481 (S.D.N.Y. 2001) (granting motion to exclude proposed expert testimony where expert report was an anecdotal compendium of opinions). Therefore, these declarations do not constitute data that "experts in the particular field would reasonably rely on … in forming an opinion on the subject.

10

## C.    The Alleged "Paucity" of Consumer Complaints

Dr. Martin also forms her expert opinion on the basis that ███████████████

████████████████████████████████████    However, this purported evidence is not

the "kind of facts or data" "experts in the particular field would reasonably rely on" for two

reasons.

████████████████████████████████████████████████████████████████

As detailed in Plaintiff's moving brief, Defendant "ignored repeated complaints that Cutter

Natural did not work." *See* ECF No. 49, Section II.E.  In fact, consumer outcry was so rampant,

it was <u>literally newsworthy</u>.  *See* Plaintiff's Moving Brief (ECF No. 49), Argument § II.E.2

(ABC News Requested Comment on The Product's Ineffectiveness).  *See also, e.g.*, Schwallie

Depo. at 96:13-102:11 (discussing ABC News seeking comment on Cutter Natural's

ineffectiveness).  This is not a normal occurrence.  News organizations do not seek to write

stories based on a "paucity" of consumer complaints.  Consumer outcry was indeed significant.

████████████████████████████████████████████    how does that

translate to satisfied consumers?  As Mr. Weir explains, it is not always economically rational to

complain to a manufacturer about a product in this price range.  *See, e.g.*, Weir Declaration, ¶ 36-

40 ("an analysis of complaint rates is not in and of itself dispositive of consumer satisfaction" …

"For many consumers, it would be economically irrational to take the time and effort to lodge a

formal complaint with Defendant over a small dollar purchase." … "given that consumers can

complaint elsewhere, such as to a retailer, and given the low dollar value of the Products, it is

likely that economic inertia has caused numerous consumers to simply not complaint to UIC

about the products.").  Dr. Martin makes a leap of faith that simply does not follow.

**CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court strike the

declarations of Ms. Applebum and Ms. Stansbury, any references to anonymous internet reviews,

and Dr. Martin's entire opinion ████████████████████████████████████, as that

opinion is based solely on inadmissible evidence.


Dated:  May 3, 2019                                           Respectfully submitted,

                                                              **BURSOR & FISHER, P.A.**

                                                              By:     */s/ Yitzchak Kopel*
                                                                            Yitzchak Kopel

                                                              Scott A. Bursor
                                                              Yitzchak Kopel
                                                              Alec M. Leslie
                                                              888 Seventh Avenue
                                                              New York, NY 10019
                                                              Telephone:  (212) 989-9113
                                                              Facsimile:  (212) 989-9163
                                                              Email:  scott@bursor.com
                                                                      ykopel@bursor.com
                                                                      aleslie@bursor.com

                                                              *Attorneys for Plaintiff*