**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICHOLAS PARKER, on behalf of himself and all others similarly situated,<br><br>                                    Plaintiff,<br>        v.<br><br>UNITED INDUSTRIES CORPORATION,<br><br><br>                                    Defendant. | Civil Action No. 1:17-cv-05353-GBD-HBP |

**DECLARATION OF YITZCHAK KOPEL IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF CLASS CERTIFICATION AND MOTION TO STRIKE INADMISSIBLE EVIDENCE AND TESTIMONY**

I, Yitzchak Kopel, declare as follows:

1.       I am an attorney at law licensed to practice in the State of New York.  I am a member of the bar of this Court, and I am an attorney at Bursor & Fisher, P.A., counsel of record for Plaintiff Nicholas Parker ("Plaintiff").  I make this declaration in support of Plaintiff's reply memorandum of law in support of his motion for class certification and motion to strike.  I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would competently testify thereto under oath.

2.       Attached hereto as **Exhibit 1** is a true and correct copy of an excerpt of the February 12, 2019 Hearing Transcript in *Hart et al. v. BHH, LLC et al.*, 1:15-cv-04804 (S.D.N.Y. 2015).

3.       Attached hereto as **Exhibit 2** is a true and correct copy of Defendant's Initial Disclosures in this case.

4.       Attached hereto as **Exhibit 3** is a true and correct copy of Plaintiff's Requests for Production served upon Defendant in this case.

5.     Attached hereto as **Exhibit 4** is a true and correct copy of an excerpt of the April 1, 2019 motion *in limine* Hearing Transcript in *Hart et al. v. BHH, LLC et al.*, 1:15-cv-04804 (S.D.N.Y. 2015).

6.     Attached hereto as **Exhibit 5** is a true and correct copy of the April 17, 2019 Rebuttal Declaration of Dr. Scott W. Gordon, BCE, COL (USA ret).

7.     I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct.  Executed on May 3, 2019 at New York, New York.

_____
Yitzchak Kopel

2

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

JOANNE HART, on behalf of
herself and all others
similarly situated,

                    Plaintiff,

              v.                         15 Civ. 4804 (WHP)

BHH LLC, doing business as
Bell + Howell, et al.,

                    Defendants.          Conference
------------------------------x
                                         New York, N.Y.
                                         February 12, 2019
                                         3:10 p.m.

Before:

                    HON. WILLIAM H. PAULEY III,

                                         District Judge

                              APPEARANCES

BURSOR & FISHER P.A.
        Attorneys for Plaintiff
BY:  SCOTT A. BURSOR
     YITZCHAK KOPEL
     JOSHUA D. ARISOHN

QUINN EMANUEL URQUHART & SULLIVAN LLP
        Attorneys for Defendants
BY:  ROBERT L. RASKOPF
     STEIG D. OLSON
     KATE E. CASSIDY
     TODD ANTEN
     -and-
LEAHY EISENBERG & FRAENKEL, LTD.
BY:  SCOTT WING

1          MS. CASSIDY:  Your Honor, these experts, these

2     exhibits that we are talking about, these were actually

3     explicitly cited by our damages expert.  Like the same

4     hyperlinks is specifically cited by our damages expert as

5     saying that the concept of worth -- because their damages

6     opinion is that this product is worthless for every single

7     person for every single purpose in the entire United States.

8     Our damages expert has an opinion that says that, according to

9     these reviews, that's not true and that should have been taken

10    into account when conducting the damages calculation.

11          In addition, our liability expert, Mr. Borth --

12          THE COURT:  Your expert can say that, but does it come

13    into evidence, anonymous postings on the Internet?

14          MS. CASSIDY:  We would be willing to limit it to the

15    expert opinions, your Honor.

16          THE COURT:  Once again, it's hearsay of the rankest

17    form, isn't it?  In a world where manufacturers are paying

18    people to post favorable reviews.  Restaurants are doing it.

19          MS. CASSIDY:  Your Honor, we also think that this

20    evidence, as part of Jeffrey Mishan's job, he also reviews

21    articles like these and as part of his job to determine how his

22    products are working.  We think it also goes to state of mind

23    evidence, your Honor.

24          THE COURT:  I think that's a real stretch.  I just

25    don't think that that is a way to take a detour around the

1    Federal Rules of Evidence.

2              MS. CASSIDY:  We weren't intending to take a detour.

3              THE COURT:  Anonymous postings on the Internet.

4              MS. CASSIDY:  We can set it out in our brief.  Our

5    experts have opinions on --

6              THE COURT:  Experts will reach for anything to form an

7    opinion.  Maybe Mr. Mishan has other reports from his

8    salespeople or other business records that would lead him to

9    believe that the product was very effective.  I don't know.  I

10   don't know what's in the evidence.  But to come in with

11   voluminous postings on the Internet, I don't think that's going

12   to make it in this courtroom.

13             How do we know who wrote them?  The answer is we

14   don't, right.

15             MS. CASSIDY:  As Dr. Borth explained in his opinion,

16   that some of these people are, at the very least, verified

17   Amazon customers.  At the very least, there are people who

18   purchase them, use them, and write a review about them.  That's

19   the way that Amazon conducts its review process, relying on

20   actual purchases of the products.

21             MR. BURSOR:  Your Honor, I don't want to interrupt if

22   we are still covering that.  If we are ready to move on.

23             THE COURT:  Yes.

24             MR. BURSOR:  I think with the guidance that your Honor

25   has given us today and with the progress that we have made

**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NICHOLAS PARKER, on behalf of himself and all others similarly situated, | : : : | No. 17-cv-5353 (GBD) |
| Plaintiff, | : : | |
| v. | : : : | **DEFENDANT UNITED INDUSTRIES CORPORATION'S INITIAL DISCLOSURES** |
| United Industries Corporation, | : : | |
| Defendant. | : : : | |

Defendant United Industries Corporation, by and through counsel, makes the following

Initial Disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1):

### I.    Individuals likely to have information – Rules 26(a)(1)(A)(i)

Defendant provides the following list of individuals who are likely to have discoverable

information that it may use to support its claims or defenses in this action.  All identified

individuals are located at Defendant's corporate office, One Rider Trail Plaza Drive, Suite 300,

telephone number 314.683.2750, but may be contacted only through undersigned counsel:

1. Kathy Cearnel is the Director, Research and Development. In this capacity, Ms. Cearnal is likely to have discoverable information regarding substantiation for the claims made regarding the efficacy of Cutter Natural relevant to this action.

2. Michael Sarli is the Senior Director, Regulatory Affairs. Mr. Sarli is likely to have discoverable information regarding substantiation for the claims made regarding the efficacy of Cutter Natural relevant to this action.

In addition, Defendant identifies the following additional individual who may have

discoverable information as a result of their job responsibilities in the following categories:

1. Third-Party Testing: Ron Cardoza is the owner and research director at Cardoza Research Consulting, an independent contract research company located in Fresno, California. In this capacity, Mr. Cardoza was the principal investigator for outside

efficacy testing performed on the product at issue in this case, Defendant's Cutter Natural insect repellent.

## II.   Documents in Defendant's Possession – Rule 26(a)(1)(A)(ii)

Subject to Plaintiff agreeing to abide by the terms of the stipulated Protective Order and while the parties await entry by the Court, Defendant will produce the following documents it has in its possession, custody and control and may use to support its claims or defenses.

1. May 21, 2010 Evaluation of Experimental Mosquito Repellents Toward the Southern House Mosquito (000001-000019);

2. April 4, 2012 Evaluation of Experimental Mosquito Repellents Toward the Southern House Mosquito (000020-000042); and

3. Corporate registration requirements and certificates for the States of Indiana, New Mexico, and Mississippi (000043-000045).

In addition, Defendant identifies the following categories of documents and electronically stored information that may be in Defendant's possession or control that it may use to support its defenses: documents related to testing, packaging, labeling, registration, advertising and technology for Cutter Natural insect repellent.

## III.   Computation of Damages – Rule 26(a)(1)(A)(iii)

Not applicable.

## IV.   Insurance Agreements – Rule 26(a)(1)(A)(iv)

Defendant has not located any insurance policies that would cover the claims asserted in this action.

\* \* \*

Defendant's investigation into the claims alleged in Plaintiff's Class Action Complaint is ongoing. Accordingly, Defendant reserves the right to supplement its disclosures as its investigation continues and formal discovery commences.

Respectfully submitted,

*/s/ Ronie M. Schmelz*
Ronie M. Schmelz
TUCKER ELLIS LLP
515 South Flower Street
Forty Second Floor
Los Angeles, CA 90071
Tel: 213.430.3400
Fax: 213.430.3409
E-mail:   ronie.schmelz@tuckerellis.com

*Attorneys for Defendant United Industries Corporation*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2017 Defendant United Industries Corporation's Initial

Disclosures were sent to the following via email and US Mail:

Yitzchak Kopel
888 Seventh Avenue
New York, NY 10019
ykopel@bursor.com

Alec Leslie
888 Seventh Avenue
New York, NY 10019
aleslie@bursor.com


/s/ Ronie M. Schmelz
*Attorney for Defendant United Industries*
*Corporation*

4

**EXHIBIT 3**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

NICHOLAS PARKER, on behalf of himself
and all others similarly situated,

                              Plaintiff,

        v.

UNITED INDUSTRIES CORPORATION,

                              Defendant.

Civil Action No. 1:17-cv-05353(GBD)

**PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION FO DOCUMENTS TO
DEFENDANT**

Dated:  September 26, 2017

**BURSOR & FISHER, P.A.**

Scott A. Bursor
Joseph I. Marchese
Yitzchak Kopel
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail:  scott@bursor.com
            jarmchese@bursor.com
            ykopel@bursor.com

*Attorneys for Plaintiff*

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Nicholas Parker ("Plaintiff") hereby requests that Defendant United Industries Corporation ("Defendant") respond to the following Requests For Production Of Documents within thirty (30) days from receipt of service.  The production shall occur at the offices of Bursor & Fisher, P.A., 888 Seventh Avenue, 3rd Floor, New York, New York 10019.

All documents must be assigned a Bates/control number that shall always: (1) be unique across the entire document production, (2) maintain a constant length (zero/0-padded) across the entire production, (3) contain no special characters or embedded spaces, and (4) be sequential within a given document.  If a Bates number or set of Bates numbers is skipped in a production, the producing party will disclose the Bates number or ranges in a cover letter accompanying the production.

## DEFINITIONS

The following definitions and instructions are incorporated by reference whenever applicable in this document:

1.     The term "Products" refers to Cutter Natural Insect Repellent, both spray bottle and pump bottle.

2.     The terms "Advertisements" and "Advertising" shall mean and refer to any labeling, package inserts, web pages (including metatags used for the purpose of search engine optimization or otherwise directing web traffic), radio or television broadcast, telephone marketing, point of sale or internet displays, infomercials, brochures, or magazine, newspaper, or any other print or electronic media.

3.      The terms "Label" or "Labeling" shall mean the words, pictures or other content displayed on or in, printed as part of, or affixed to any package of the Products that you shipped to a wholesaler, retailer, or consumer in the United States during the relevant time period.

4.      The term "Class Period" shall mean the following time period: July 15, 2013 through the date of your final production in response to these requests.

5.      The term "FTC" shall mean the Federal Trade Commission.

6.      The term "SKU" or stock keeping unit, shall mean the product identification code or unique identifier that distinguishes a product from other items for the purposes of stock keeping and inventory tracking, such as a Universal Product Code ("UPC").

7.      Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in a particular trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware.

## DIRECTIONS

1.      With respect to any claim of privilege by you regarding any information, document, or communication sought by Plaintiff's document requests, you are hereby requested, pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, to identify each such communication, information, or document withheld on grounds of an alleged privilege, and specifically set forth the following:

    a.  the nature and basis of the privilege claimed;

    b.  the author(s);

    c.  the addressee(s), including the recipients of copies;

     d.   the date of the communication, document, or information;

     e.   the subject matter of the communication, document, or information;

     f.   if the privilege claimed is the attorney-client privilege, an indication of which author(s) or addressee(s) is/are attorneys; and

     g.   Any other information necessary to support the claim of privilege.

2.     If any portion of any document responsive to these requests is withheld under claim of privilege, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

3.     If a person other than you is known or believed to have in its possession, custody, or control any document or information responsive to any request, please state the name of the entity, the kind or nature of the documents or information known or believed to be maintained, any process you have initiated to retrieve these documents and the date it will be available to Plaintiff, or information sufficient to make it available to Plaintiff through Plaintiff's efforts.

4.     In responding to these requests, furnish all information and documents, including information contained in or on any document, that is known or available to you from all files or other sources that contain responsive documents, wherever located, and whether active, in storage, or otherwise, including all documents in the possession of your attorneys and any accountants, other professional persons or experts, investigators, or other persons acting on your behalf, or under you or your attorneys' control, employment, or direction.

5.     Documents are to be produced in full.  Where only a portion of a document relates or refers to the subject indicated, the entire document is to be produced nevertheless, along with ALL attachments, appendices, and exhibits.  If a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it

is not being produced in full and describe to the best of your knowledge, information, and belief, and with as much particularity as possible, those portions of the document which are not being produced.

6.      All documents shall be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features.

7.      All documents produced in response to these requests shall be organized and labeled to correspond with the request to which they respond, and each response to these requests shall identify the documents being produced in response to each request by bate-stamp number or otherwise.

8.      If there are no documents responsive to any request specified below, you shall so state in a writing produced at the time and place that documents are demanded to be produced by this request.

9.      All electronically stored information shall be produced in a searchable format and shall include all attendant metadata.  Where such attendant metadata is not available, any available bibliographic coding will be produced in its stead.  Other than spreadsheets, which shall always be produced in native format where it exists, the specific format of each production shall be decided on a production by production basis.

10.      The obligation to produce the documents specified below is of a continuing nature; your responses to these document requests are to be supplemented to the full extent required by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26(e), and the Local Rules of this jurisdiction, and if at any time you acquire possession, custody, or control of any additional documents specified below, such documents are to be furnished promptly to counsel

for Plaintiffs at the address provided above, unless another place is mutually agreed upon by counsel.

11.     Pursuant to Fed. R. Civ. P. 26(b)(2), you must identify and describe, specifically and in detail, any and all electronically stored information you have designated as "not reasonably accessible because of undue burden or cost." This rule requires that you "identify, by category or type, the sources containing potentially responsive information that you are neither searching nor producing. The identification should…provide enough detail to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources." Fed. R. Civ. P. 26(b)(2) advisory committee comment.

## DOCUMENTS TO BE PRODUCED

1.     All documents concerning the development of the Products.

2.     All documents that demonstrate you placed a litigation hold to preserve all evidence as a result of the instant action.

3.     All documents pertaining to any studies, research, or information of any kind concerning the efficacy of the Products and any of their ingredients.

4.     All documents concerning your representation that the Products "REPEL[] MOSQUITOES FOR HOURS" and "repel[] insects the natural way."

5.     All documents and communications concerning testing performed on the Products.

6.     All documents and communications concerning the insect-repelling efficacy of geraniol, soybean oil, sodium lauryl sulfate, and potassium sorbate.

7.      All documents and communications concerning the creation, development, launch, advertising, marketing, or sale of the Products.

8.      Documents sufficient to show all sales to wholesalers and distributors for each SKU of the Products in the United States and by state during each year within the Class Period including the total net sales, total gross revenue, total number of units sold, unit price, unit cost, cost of goods sold, and profit margin, nationwide and by state, on an annual and monthly basis.

9.      Documents sufficient to identify all retailers who have offered the Products for sale in the United States within the Class Period, including but not limited to the name, location and approximate sales volume for each such retailers.

10.     Documents and communications sufficient to show the average price paid to you by wholesalers, distributors, and/or retailers for each SKU of the Products in the United States during each year within the Class Period.  If available, this information should be separated by state.

11.     Documents and communications sufficient to show the average retail price consumers paid for each SKU of the Products in the United States during each year within the Class Period, including but not limited to the manufacturer's suggested retail price ("MSRP").  If available, this information should be separated by state.

12.     Documents sufficient to show the SKU numbers for each of the Products sold during the Class Period.

13.     Documents sufficient to show your refund policies and the number and amount of any refunds related to each of the Products.

14.     Documents sufficient to show the wholesale and retail prices for each SKU of the Products during the Class Period.

15.     Documents sufficient to show the content of all advertisements for the Products during the Class Period and the dates and placements of such advertisements.

16.     Documents sufficient to show all of your public statements concerning the Products, including all drafts, redlines, and exemplars.

17.     All documents and communications pertaining to any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

18.     All documents pertaining to any release, settlement or other agreement, formal or informal, pursuant to which the liability of any person for any damages arising out of the advertising and marketing of the Products has been limited, reduced or released in any manner.

19.     All documents pertaining to communications with the FTC or other government agencies concerning the Products, including but not limited to consumer warning letters, communication to consumers, or testing of the Products.

20.     Documents sufficient to show the Products' prototypes, including all ingredients and components, and any changes made during the Class Period.

21.     All communications between you and any consumer purchasers of the Products regarding the Products.

22.     All records of refund payments made to consumer purchasers of the Products, including but not limited to credit card refunds, check refunds, cash payments, money orders, and wire transactions.

23.     All documents pertaining to any test marketing programs or product trials for the Products.

24.     All documents pertaining to advertising and promotional materials for the Products, including but not limited to copies of print advertisements, transcripts or audio recordings of radio advertisements, transcripts or video recordings of television advertisements, and websites promoting the Products.

25.     All documents pertaining to scripts or instructions for operators handling telephone calls and orders for the Products.

26.     All documents pertaining to the packaging and labeling of the Products, including but not limited to current and former labeling and packaging.

27.     Documents sufficient to identify the officers, directors, employees and agents of Defendant and any investors, shareholders, or other persons holding a financial stake in Defendant.

28.     All documents relating to consumer complaints concerning the Products.

29.     All documents relating to anyone challenging the veracity of any or all statements made in any of your advertising and marketing of the Products.

30.     All documents concerning customer satisfaction surveys or any other survey research regarding the Products.

31.     All documents concerning meetings, discussions, and communication, internal or external, pertaining to the production, advertising, marketing, pricing, sale or sales techniques of the Products.

32.     All documents concerning meetings, discussions, and communication, internal or external, pertaining to changes in the Products' prototypes.

33.     All documents and communications relevant to identifying individual consumer purchasers of the Products during the Class Period.

34.     Documents sufficient to show the formulation of the Products at all times during the Class Period.

35.     All documents and communications concerning formula changes to the Products.

36.     All documents and communications concerning newspaper, journal, or magazine articles concerning the Products.

Dated: September 26, 2017                          **BURSOR & FISHER, P.A.**

                                                   By:   /s/ *Yitzchak Kopel*
                                                           Yitzchak Kopel

                                                   Scott A. Bursor
                                                   Joseph I. Marchese
                                                   Yitzchak Kopel
                                                   888 Seventh Avenue
                                                   New York, NY 10019
                                                   Tel:  (212) 989-9113
                                                   Fax: (212) 989-9163
                                                   E-Mail:  scott@bursor.com
                                                            jmarchese@bursor.com
                                                            ykopel@bursor.com

                                                   *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 26, 2017 a true and correct copy of the foregoing document was served electronically and by US Mail upon all counsel of record.

                                                   By:   */s/ Alec Leslie*
                                                           Alec Leslie

**EXHIBIT 4**

j412harA

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   JOANNE HART, on behalf of all
    others similarly situated, *et*
4   *al.*,

5              Plaintiffs,              New York, N.Y.

6          v.                           15 Civ. 4804(WHP)

7   BHH, LLC, *et al.*,

8              Defendants.

9   ------------------------------x        Argument

10                                         April 1, 2019
                                           2:10 p.m.
11
    Before:
12
                   HON. WILLIAM H. PAULEY III,
13
                                           District Judge
14

15                        APPEARANCES

16

17  BURSOR & FISHER, P.A.
         Attorneys for Plaintiffs
18  BY:  SCOTT A. BURSOR
         YITZCHAK KOPEL
19       JOSHUA D. ARISOHN

20  LEAHY EISENBERG & FRAENKEL, LTD
         Attorneys for Defendants
21  BY: SCOTT WING

22  QUINN EMANUEL URQUHART & SULLIVAN, LLP
         Attorneys for Defendants
23  BY:  ROBERT L. RASKOPF
         STEIG D. OLSON
24       KATE E. CASSIDY
         TODD S. ANTEN
25       DYLAN I. SCHER

j412harA

```
 1    will be permitted to testify.  But plaintiffs may take his

 2    deposition before trial, and plaintiffs are further authorized

 3    to seek document discovery from Guindi.  The traditional times

 4    for production of documents under Rule 34 are suspended.  The

 5    defendants are to perform a search for Guindi documents and

 6    produce them within 14 days so that the deposition can proceed.

 7    Plaintiff is free to make any additional Rule 34 requests

 8    promptly.  In addition, unless defendants produce the product

 9    efficacy reports that Guindi references, he may not testify

10    about those topics at trial.

11            With respect to plaintiffs' motion in limine number 5,

12    to preclude any reference to reviews of the pest repeller,

13    specifically, the plaintiffs move to preclude admission of

14    reviews of BHH products on third-party Web sites.  These

15    documents are rank hearsay and therefore inadmissible.  Nor are

16    they admissible to demonstrate that BHH saw them.  While that

17    might be a permissible purpose, this court finds that a jury

18    would likely rely on them for an impermissible purpose which

19    will not be cured, cannot be cured by a limiting instruction.

20            Nor may BHH's expert rely on them because he did not

21    disclose his reliance in his report.  Suffice it to say that

22    some day unanimous reviews on the Internet by the likes of

23    TaterSpuds may be admissible, but not today and not in this

24    trial.

25            Plaintiffs' motion in limine number 6 to preclude
```

**EXHIBIT 5**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICHOLAS PARKER, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>UNITED INDUSTRIES CORPORATION,<br><br>　　　　　　　Defendant. | 1:17-cv-05353-GBD |


**REBUTTAL DECLARATION OF DR. SCOTT W. GORDON, BCE, COL (USA ret)**

Dated:  April 17, 2019

**TABLE OF CONTENTS**

**PAGE(S)**

I.    INTRODUCTION ................................................................................................ 1

II.   EDUCATION, WORK EXPERIENCE, PUBLICATIONS, RECOGNITION ................... 1

III.  DATA AND OTHER INFORMATION CONSIDERED ..................................................... 1

IV.  COMPENSATION ........................................................................................... 1

V.   OTHER TESTIMONY ....................................................................................... 1

VI.  REBUTTAL OF DR. DONAHUE'S OPINIONS ................................................. 1

## I.     INTRODUCTION

     1.     I am providing this rebuttal declaration in response to the Declaration of William A. Donahue, Jr. PH.D.

     2.     I reserve the right to supplement, change, clarify, or modify my opinions should additional information and/or documentation become available to me.  I also reserve the right to submit a rebuttal report in response to any expert reports(s) submitted by Defendant.

## II.     EDUCATION, WORK EXPERIENCE, PUBLICATIONS, RECOGNITION

     3.     I hereby incorporate all information about my education, work experience, publications, and recognitions from my earlier declaration herein.

## III.     DATA AND OTHER INFORMATION CONSIDERED

     4.     A list of materials that I have considered in preparing my report is attached hereto as Exhibit B.  I am also relying on my experience and knowledge accumulated in my years of work as a practicing medical entomologist and entomological consultant and researcher.

## IV.     COMPENSATION

     5.     I am being compensated for my work as an expert in this case at a rate of $150 per hour.  My compensation is in no way dependent on the outcome of this case.

## V.     OTHER TESTIMONY

     6.     During the previous four years, I have not testified as an expert at trial or deposition.

## VI.     REBUTTAL OF DR. DONAHUE'S OPINIONS



1





14.    Ultimately, the data is clear in this case – every test properly conducted on this product shows that it provides no meaningful protection to *anyone*.  The fact that people may naturally vary in their attractiveness to mosquitoes does not mean that this product varies in its lack of effectiveness in repelling mosquitoes.  It simply means that certain people will be less attractive – with or without this ineffective repellent.

## **VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief, and that this declaration was executed at Regensburg, Germany, this 17th day of April, 2019.

_____
Scott Gordon