# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS PARKER, on behalf of himself and others similarly situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED INDUSTRIES CORPORATION, )<br>)<br>Defendant. )<br>) | CASE NO. 1:17-cv-05353-GBD-HBP<br><br>JUDGE GEORGE B. DANIELS |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Dated: May 10, 2019

Ronie M. Schmelz
TUCKER ELLIS LLP
515 South Flower Street
Forty Second Floor
Los Angeles, CA 90071
Tel.: 213.430.3400
Fax: 213.430.3409
E-mail: ronie.schmelz@tuckerellis.com

Michael J. Ruttinger (pro hac vice)
TUCKER ELLIS LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113-7213
Tel: 216.592.5000
Fax: 216.592.5009
Email: michael.ruttinger@tuckerellis.com

*Attorneys for Defendant United Industries Corporation*

## I. INTRODUCTION

Plaintiff's motion to strike seeks to exclude evidence and an expert opinion advanced in support of Defendant United Industries Corporation's ("UIC") opposition to Plaintiff's Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel. Plaintiff, however, fails to meet his burden to strike the identified evidence, and his contentions do not form a basis for narrowing the rebuttal opinion of UIC's damages expert, Dr. Denise Martin. Consequently, Plaintiff's motion should be denied in its entirety.

## II. LEGAL STANDARD

A trial court may exclude evidence "only when the evidence is clearly inadmissible on all potential grounds." *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 164 (S.D.N.Y. 2006). Therefore, "[t]he movant has the burden of establishing that the evidence is not admissible for any purpose." *United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016). This is a heavy burden; the Second Circuit's relevance standard is "very low." *Id.* at 102 (quoting *United States v. White*, 692 F.3d 235, 246 (2d Cir. 2012), *as amended* (Sept. 28, 2012)). Moreover, Plaintiff's burden here is *even more* demanding because he seeks to exclude evidence relied on by UIC's rebuttal damages expert, Dr. Martin. Federal Rule of Evidence 703 permits an expert to rely on "facts or data" that may otherwise be inadmissible, and even allows an expert to disclose those facts "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703. Rebuttal opinions "need only attack [the opinions] of plaintiffs' expert," and the proponent of the model meets its admissibility burden even if the opinion does not "produce models or methods of [its] own." *In re Zyprexa Prods. Liab. Litig.*, 489 F.Supp.2d 230, 285 (E.D.N.Y. 2007)).

**III.     LAW AND ARGUMENT**

      **A.     Ms. Applebaum's and Ms. Stansbury's Declarations are Admissible.**

The crux of Plaintiff's lawsuit is the allegation that "Cutter Natural has no value as a mosquito repellent" because it is "ineffective" and "a complete sham." (Def.'s Opp. to Pl.'s Mot. for Class Certification (Doc. 57) at 3.) To refute this contention, UIC attached declarations from two consumers attesting to their experience with Cutter Natural and a product utilizing the same formula, Repel Natural. (*Id*. at 10.) Plaintiff seeks to exclude these declarations for two reasons. First, Plaintiff asks the Court to strike them because UIC disclosed them contemporaneously with its Opposition to Plaintiff's Motion for Class Certification. Second, Plaintiff seeks relief on relevance grounds, pursuant to Federal Rules of Evidence 401 and 402. Neither is a basis for exclusion.

Plaintiff's position that the declarations should be stricken because UIC's disclosure of the two declarants was untimely was firmly rejected in an illustrative decision, *Solid 21, Inc. v. Hublot of Am.*, 685 F. App'x 530 (9th Cir. 2017). There, a party attached declarations from consumers attesting to their perceptions of the product at issue to its memorandum opposing summary judgment. *Id*. at 531-32. Because the party had not identified the declarants in its initial disclosures or before filing its opposition, the district court excluded the declarations under Federal Rule of Civil Procedure 37(c). *Id*. at 531. The Ninth Circuit held this to be an abuse of discretion and reversed the decision, stating:

> In order for Rule 37(c) to bar the introduction of evidence, a party's failure to disclose must prejudice the opposing party. Consumer perception goes to the heart of [this] inquiry, so the exclusion of consumer declarations put a substantial hurdle in the way of [the proponent]'s effort to mount a successful opposition to summary judgment. [The movant] could have cured any prejudice by taking the opportunity to conduct additional discovery, including deposing the witnesses if it wished, and supplementing its motion for summary judgment if necessary.

*Id.* at 531-32 (internal citations and quotations omitted). In the same way, individual consumers' perceptions of how effectively the Cutter Natural formula repels mosquitoes "goes to the heart" of whether Cutter Natural repels mosquitoes. Preventing a fact witness from providing testimony is "a harsh remedy and should be imposed only in rare situations." *Izzo v. ING Life Ins. & Annuity Co.*, 235 F.R.D. 177, 186 (E.D.N.Y. 2005). That situation does not arise here because Plaintiff could cure any resulting prejudice by deposing the witnesses and/or supplementing his motion for class certification. Instead, Plaintiff has sought exclusion of unquestionably relevant testimony without ever addressing in his Motion whether he could mitigate any alleged prejudice.

Plaintiff's assertion that the consumer declarations are irrelevant is equally meritless. Simply put, Plaintiff's case is fundamentally dissimilar from the authorities on which he relies in his Motion. Plaintiff supports his position solely by relying on case law from false advertising cases. In cases such as those, a manufacturer may be held liable for advertising a product as having an attribute that it demonstrably does not, such as containing or lacking an ingredient. (Def.'s Opp. to Pl.'s Mot. for Class Certification (Doc. 57) 16-17.) Because the truth or falsity of those advertisements does not depend on individual consumers' experiences, courts, such as all of those cited to by Plaintiff, have held that evidence of positive customer testimonials is irrelevant. (*See* Pl.'s Mot. 6 (citing to *U.S. v. Woolf*, No. 1:08cr12, 2008 WL 5156313, at *2 (E.D. Va. 2008), *U.S. v. Ciccone*, 219 F.3d 1078, 1082 (9th Cir. 2000), *United States v. Elliott*, 62 F.3d 1304, 1308 (11th Cir. 1996), *amended by* 82 F.3d 989 (11th Cir. 1996), *U.S. v. Biesiadecki*, 933 F.2d 539, 544 (7th Cir. 1991), *U.S. v. Diamond*, 430 F.2d 688, 693 (5th Cir. 1970)).) But this case is dissimilar because Plaintiff alleges that Cutter Natural is "ineffective and worthless" for *all* consumers. Therefore, individual consumers' experiences with Cutter Natural are "of consequence in determining the action." Fed. R. Evid. 401. Indeed, they cut to the central premise of Plaintiff's case; Plaintiff fails to identify *any* case where individual consumers' experiences were dispositive

and the court still excluded declarations attesting to those experiences. Consequently, Plaintiff has not met his burden to demonstrate that the declarations are "not admissible for any purpose." *Pugh*, 162 F. Supp. 3d at 101.

> **B.  Online reviews of Cutter Natural are Admissible Non-Hearsay and May be Disclosed by Dr. Martin Under Rule 703.**

To further undercut Plaintiff's assertion that Cutter Natural is ineffective for all consumers, UIC and its damages expert, Dr. Martin, introduced online product reviews from retailers such as Amazon, Wal-Mart, Lowe's, and Home Depot. (Def.'s Opp. to Pl.'s Mot. for Class Certification (Doc. 57) at 11.) The Southern District of New York has confirmed that "online reviews have some probative value as to consumer perceptions of [] products' quality" and therefore may be admitted "for the fact that the online comments were made." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 647 (S.D.N.Y. 2011). Here too, these online product reviews are offered for the fact that they were made—not for the truth of the specific content asserted in each review. They are, accordingly, not hearsay.

Additionally, nothing in the Federal Rules of Evidence precludes Dr. Martin's reliance and disclosure in her rebuttal report of these same reviews. Federal Rule of Evidence 703 permits an expert to rely on otherwise inadmissible "facts or data" if reasonable to do so, and even allows an expert to disclose those facts "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703. Dr. Martin does not use the reviews to opine on the effectiveness of Cutter Natural. Rather, she cites to them as evidence of what potential class members have said about their experiences with Cutter Natural and how that is inconsistent with Plaintiff's expert's damages methodology.

### C. Dr. Martin's opinion that Mr. Weir's damages models fails to account for satisfied consumers is a properly substantiated expert rebuttal opinion.

Plaintiff also moves to exclude Dr. Martin's opinion that the damages model advanced by Plaintiff's expert Colin Weir fails to account for satisfied customers. Plaintiff alleges that Dr. Martin's opinion "lacks sufficient facts or data." (Pl.'s Mot. 9.) This argument mischaracterizes Dr. Martin's role as a rebuttal expert, misstates the basis for her opinion, and relies on premises that UIC has already disproven.

"[I]t is incumbent upon Plaintiffs, not Defendants, to 'present a damages model that can be used on a class-wide basis based on common proof.'" *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 78 (S.D.N.Y. 2017) (quoting *In re Fresh Del Monte Pineapples Antitrust Litig.*, No. 1:04-md-1628 (RMB), 2008 WL 5661873, at *9 (S.D.N.Y. Feb. 20, 2008)). Rebuttal experts have a "less demanding task" because "they have no burden to produce models or methods of their own; they need only attack those of plaintiffs' expert." *In re Zyprexa Prods. Liab. Litig.*, 489 F.Supp.2d at 285. Complying with this standard, Dr. Martin points out that Mr. Weir's damages model presupposes that every consumer "received zero value from Cutter Natural" without providing any evidence to support this assumption. (Declaration of Dr. Denise Martin (Doc. 58-C) ¶ 23.) She further notes that market research, repeat purchases, positive online reviews, consumer declarations, and a complaint rate of less than 0.002 percent indicate that consumers received some value from Cutter Natural and Mr. Weir's methodology ignores this evidence. (*Id*. at ¶¶ 16-22.)

Plaintiff asserts that "Dr. Martin relies on 3 things" to support her opinion: "(1) anonymous internet reviews[]; (2) two declarations from purported consumers[]; and (3) the purported 'paucity' of complaints about Cutter Natural;" and that Dr. Martin's opinion must be excluded because she is not entitled to rely on this evidence. (Pl.'s Mot. 9.) This contention is baseless for three reasons. First, as noted above and detailed in paragraphs 16-22 of Dr. Martin's rebuttal

5

declaration, these are only three of the many evidentiary sources supporting her opinion. Second, as detailed in sections III.A and III.B of this memorandum, the online reviews and consumer declarations cited to by Dr. Martin are proper bases for expert testimony. And third, the low complaint rate to which Dr. Martin cites may also form a supporting basis for her opinion. While it may be Mr. Weir's opinion that "an analysis of complaint rates is not in and of itself dispositive of consumer satisfaction" (Pl.'s Mot. at 11), contradictory expert testimony does not dictate admissibility. *In re Digital Music Antitrust Litig.*, 321 F.R.D. at 78. Instead, the factfinder must determine issues of trustworthiness and credibility through "cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993). A battle of the experts such as this is not a basis for excluding an expert's opinion.

## IV. CONCLUSION

For the reasons set forth above, UIC respectfully requests that the Court deny Plaintiff's motion to strike in its entirety.

Dated: May 10, 2019

*/s/ Michael J. Ruttinger*
Ronie M. Schmelz
TUCKER ELLIS LLP
515 South Flower Street
Forty Second Floor
Los Angeles, CA 90071
Tel.: 213.430.3400
Fax: 213.430.3409
E-mail: ronie.schmelz@tuckerellis.com

Michael J. Ruttinger (pro hac vice)
TUCKER ELLIS LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113-7213
Tel: 216.592.5000
Fax: 216.592.5009
E-mail: michael.ruttinger@tuckerellis.com

*Attorneys for Defendant United Industries Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2019, a copy of the foregoing Memorandum of Law in Opposition to Plaintiff's Motion to Strike was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: May 10, 2019

*/s/ Michael J. Ruttinger*
Ronie M. Schmelz
TUCKER ELLIS LLP
515 South Flower Street
Forty Second Floor
Los Angeles, CA 90071
Tel.: 213.430.3400
Fax: 213.430.3409
E-mail: ronie.schmelz@tuckerellis.com

Michael J. Ruttinger (pro hac vice)
TUCKER ELLIS LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113-7213
Tel: 216.592.5000
Fax: 216.592.5009
E-mail: michael.ruttinger@tuckerellis.com

*Attorneys for Defendant United Industries Corporation*