UNITED STATES DICTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NICHOLAS PARKER, on behalf of himself and others similarly situated, | ) | No. 1:17-cv-05353-GBD-HBP |
| | ) | JUDGE GEORGE B. DANIELS |
| Plaintiff, | ) | |
| v. | ) | **ECF CASE** |
| UNITED INDUSTRIES CORPORATION, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1 IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT ON HIS CLAIMS FOR VIOLATION OF N.Y. GBL §§ 349 AND 350**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1(b), Defendant United Industries Corporation ("UIC") submits this Response to Plaintiff's Statement of Material Facts in support of his Motion for Summary Judgment on his claims for violation of New York General Business Law §§ 349 and 350.

1. Undisputed.

2. Undisputed.

3. Disputed. Plaintiff overstates Mr. Parker's testimony. Plaintiff Nicholas Parker testified that it was always his custom to use mosquito repellents containing the chemical DEET because he knew that DEET-containing products were effective in repelling mosquitoes. (Deposition of Nicholas Parker ("Parker Dep.") 47:14-23, 77:21-24, relevant excerpts previously filed at ECF No. 107-14.) When he purchased Cutter Natural Insect Repellent ("Cutter Natural" or the "Product"), he was aware it did not contain DEET and he acknowledged that he did not expect it to perform the same as the DEET-containing products he had previously purchased. (*Id.* at 78:6-25.)

4. Undisputed.

5. Disputed. Dr. Gordon testified that individual users of Cutter Natural could have different experiences. (Deposition of Dr. Scott Gordon ("Gordon Dep.") 90:1-7 ("I would say that, you know, an individual may have had a good experience but that doesn't mean that somebody else would have a good experience."), relevant excerpts attached as Ex. R to the Declaration of Jamie Levitt in Support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment "Levitt Opp. Decl.".) Dr. Gordon conceded "[t]here are various levels" of attractiveness to mosquitoes, such that "[s]ome [people] are more attractive than others." (*Id.* 93:10-15.)

6. Undisputed.

7. Objection. Plaintiff's reliance on either arm-in-cage ("AIC") testing protocols or the Biogents cage ("BCG") testing protocols is misleading because, as Dr. Gordon conceded, no specific testing protocols are mandated for products, like Cutter Natural, which are marketed under Section 25(b) of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). (Levitt Opp. Decl. Ex. R, 71:23-25, 77:25-78:25, 202:15-203:8; *see also* Rebuttal Declaration of Dr. William A. Donahue, Jr. ("Donahue Rebuttal") previously filed at ECF No. 103-13 at ¶ 17.) Dr. Gordon even admitted that (i) the Biogents testing has never been used for efficacy testing in the United States and (ii) Dr. Gordon did not follow Biogents' own governing protocols for the BCG test. (Levitt Opp. Decl. Ex. R, 211:4-8, 253:4-11.)

8. Undisputed.

9. Undisputed.

10. Disputed. Dr. Gordon's opinion is that the Product has "no value" as a mosquito repellent, but his opinion is contradicted by [REDACTED] as well as the expert opinion of Defendant's expert witness, Dr. William Donahue (Declaration of William A. Donahue, Jr., Ph.D. ("Donahue Decl.") ¶¶ 2, 38, 40, previously filed at ECF No. 103-12; Donahue Rebuttal ¶¶ 2, 21, previously filed at ECF No. 103-13.)

11. Objection. Plaintiff fails to note that Biogents did not follow Environmental Protection Agency ("EPA") or World Health Organization ("WHO") protocols when conducting these tests. (Donahue Rebuttal ¶¶ 12-13.) As Dr. Gordon acknowledged, under the WHO protocol, test participants' arms are not to be inserted into cages until 30 minutes after

application, but Biogents did not follow that aspect of the protocol. (Levitt Opp. Decl. Ex. R, 302:21-303:8.)

12. Objection. Plaintiff fails to note that Biogents did not follow EPA or WHO protocols when conducting these tests. (Donahue Rebuttal ¶¶ 12-13.) As Dr. Gordon acknowledged, under the WHO protocol, test participants' arms are not to be inserted into cages until 30 minutes after application, but Biogents did not follow that aspect of the protocol. (Levitt Opp. Decl. Ex. R, 302:21-303:8.)

13. Disputed. Despite asserting that "[b]oth sides' experts agree that up to 12.5 minutes of protection . . . is a *de minimis* amount of protection that does not confer value on the Product," Plaintiff does not cite any evidence from UIC's expert to support his assertion. Indeed, Dr. Donahue *rejected* Plaintiff's assertion that Cutter Natural has "no value" as a mosquito repellent. (Donahue Decl. ¶¶ 2, 38. 40; Donahue Rebuttal ¶¶ 2, 21.)

14. Objection. Dr. Donahue's personal opinion about the duration of repellency he "would like to see" from a mosquito repellent (*see* Deposition of William Donahue ("Donahue Dep.") 256:7-18) is immaterial and irrelevant to the issues raised in Plaintiff's Motion for Summary Judgment, especially in light of Dr. Donahue's testimony that Cutter Natural is exempt from federal registration requirements and, therefore, need not comply with the testing guidelines provided by the EPA or WHO. (*See* Donahue Rebuttal ¶¶ 17, 19; [REDACTED]

[REDACTED]

[REDACTED]; Levitt Opp. Decl. Ex. R, Gordon Dep. 67:2-5; 78:12-13.)

15. Objection. The Guidelines set forth by the EPA and WHO are immaterial and irrelevant to the issues raised in Plaintiff's Motion for Summary Judgment, especially in light of Dr. Donahue's testimony that Cutter Natural is exempt from federal registration requirements

and, therefore, need not comply with the testing guidelines provided by the EPA or WHO. (*See* Donahue Rebuttal ¶¶ 17, 19; [REDACTED].)

16. Undisputed.

17. Undisputed.

18. Disputed. Dr. Donahue testified that his confidence in the Product's efficacy depends on the situation in which it is being used. (Deposition of William A. Donahue ("Donahue Dep.") 263:1-10, relevant portions attached as Levitt Opp. Decl. Ex. T.) His personal opinion as to whether he would use the product for his own purposes is immaterial and irrelevant to the issues raised in Plaintiff's Motion for Summary Judgment. Indeed, Dr. Donahue testified that his "personal opinion about the products would vary tremendously from probably the average consumer." (*Id.* 261:20-24.)

19. Disputed. Dr. Donahue testified that his confidence in Cutter Natural's efficacy depends on the situation in which it is being used. (Levitt Opp. Decl. Ex. T, 263:1-10.) His personal opinion as to whether he would use the product on his grandchildren is immaterial and irrelevant to the issues raised in Plaintiff's Motion for Summary Judgment. Indeed, Dr. Donahue testified that his "personal opinion about the products would vary tremendously from probably the average consumer." (*Id.* 261:20-24.)

20. Objection. Plaintiff's out-of-context reference to Dr. Donahue's testimony is misleading because Dr. Donahue testified that [REDACTED] by Defendant was *also* adequate to substantiate efficacy findings for a Section 25(b) product: "As a scientist, I look at the better documented studies as well as the protocol, so the more documentation the better. While the experimental design seemed to be adequate in both of them, minus a few variations that vary from guideline to guideline, so to speak, but [sic] I would tend to probably put more faith in the Biogents test, but given the fact that it was a natural insect

repellent, a 25(b), you know, that softened my criteria, so to speak, of a scientific test.”

21. Undisputed.

22. Undisputed.

23. Undisputed.

24. Undisputed.

25. Disputed. Plaintiff’s assertion misconstrues Mr. Schwallie’s testimony. but he did *not* testify as to whether that representation was important to consumers purchasing the product.

26. Undisputed.

27. Undisputed.

28. Undisputed.

29. Undisputed.

30. Disputed. Plaintiff’s out-of-context excerpt of Dr. Donahue’s testimony is contradicted by Dr. Donahue’s expert opinion about the “variability normally associated with biological testing of mosquitoes on humans and the conditions under which such laboratory tests are conducted.” (Donahue Decl. ¶ 37.)

31. Objection. While Dr. Donahue testified that the Biogents tests were “a cleaner study,” he *did not* as Plaintiff implies,

32. Objection. Plaintiff's out-of-context quotation of Dr. Donahue's testimony is misleading because he *did not*, as Plaintiff implies, [REDACTED] Moreover, Dr. Donahue testified that his opinion does not necessarily align with those of most consumers: "I have evaluated a lot of products over the years, and my personal opinion about the products would vary tremendously from probably the average consumer." (Levitt Opp. Decl. Ex. T, 47:14-48:23.)

33. Objection. WHO guidelines for efficacy testing need not be followed when testing Section 25(b) products like Cutter Natural. (Donahue Rebuttal ¶ 17; [REDACTED]; Levitt Opp. Decl. Ex. R, Gordon Dep. 67:2-5; 78:12-13.)

34. Undisputed.

35. Disputed. [REDACTED] "Q: Do you think it was right for United Industries Corporation to put that statement on their product given the data you've seen to date? A: . . . Others, other types of testing, again, we have discussed this with EPA, requires at least three genera. But categorically, if it repels one, there will be some level of repellency for another species of mosquito." (Levitt Opp. Decl. Ex. T, Donahue Dep. 257:11-23.) Further, [REDACTED]

36. Disputed. Plaintiff's citation to Kathy Cearnal's testimony omits her testimony that [REDACTED]

[redacted]

37. Disputed. Plaintiff's citation to Travis Wood's testimony is misleading in that Mr. Wood testified that [redacted]

38. Disputed. Plaintiff misrepresents Mr. Wood's testimony. Mr. Wood testified that his "understanding" is that *Aedes* and *Culex* mosquitoes are commonly found "in"—not "throughout"—the United States. He did not claim to know for certain whether both species are commonly found "throughout" the country. (*Id.* 86:19-23.)

39. Undisputed.

40. Disputed. Plaintiff mischaracterizes Dr. Donahue's testimony, in which he explained that the prevalence of *Aedes* has ebbed and flowed over time and that they are *not*

"commonly found" in the United States: "Q: Are *Aedes aegypti* mosquitoes commonly found in the United States? A: No, they are actually an invasive species . . . . So it is expanding its range in the United States for various reasons." (Levitt Opp. Decl. Ex. T, 259:22-260:13.)

41. Disputed. Ms. Cearnal's testimony as to whether *Aedes* mosquitos carry diseases is immaterial and irrelevant to the issues raised in Plaintiff's Motion for Summary Judgment, especially in light of the undisputed fact that because Cutter Natural is a Section 25(b) product, Defendant did not, and legally could not, make disease-prevention claims about Cutter Natural. (Donahue Rebuttal ¶ 11; *see also* 40 C.F.R. § 152.25(f)(3)(ii).)

42. Objection. Mr. Wood's testimony as to whether *Aedes* mosquitos carry diseases is immaterial and irrelevant to the issues raised in Plaintiff's Motion for Summary Judgment, especially in light of the undisputed fact that because Cutter Natural is a Section 25(b) product, Defendant did not, and legally could not, make disease-prevention claims about the Product. (Donahue Rebuttal ¶ 11; *see also* 40 C.F.R. § 152.25(f)(3)(ii).)

43. Objection. The Anti-Bite Field Guide by Cutter Insect Repellents referenced by Plaintiff is immaterial and irrelevant to the issues raised in Plaintiff's Motion for Summary Judgment, especially in light of the undisputed fact that because Cutter Natural is a Section 25(b) product, Defendant did not, and legally could not, make disease-prevention claims about the Product. (Donahue Rebuttal ¶ 11; *see also* 40 C.F.R. § 152.25(f)(3)(ii).)

44. Objection. The Anti-Bite Field Guide by Cutter Insect Repellents referenced by Plaintiff is immaterial and irrelevant to the issues raised in Plaintiff's Motion for Summary Judgment, especially in light of the undisputed fact that because Cutter Natural is a Section 25(b) product, Defendant did not, and legally could not, make disease-prevention claims about Cutter Natural. (Donahue Rebuttal ¶ 11; *see also* 40 C.F.R. § 152.25(f)(3)(ii).)

45. Disputed. [redacted]

46. Disputed. Dr. Donahue's testimony contradicts Plaintiff's assertion: "Q: Do you think it was right for United Industries Corporation to put that statement on their product given the data you've seen to date? A: . . . Others, other types of testing, again, we have discussed this with EPA, requires at least three genera. But categorically, if it repels one, there will be some level of repellency for another species of mosquito." (Levitt Opp. Decl. Ex. T, 257:11-23.)

47. Objection. Dr. Donahue's opinion about whether testing of multiple species is advisable is immaterial and irrelevant to the standard for substantiating claims of efficacy. [redacted]

48. Disputed. Plaintiff's assertion omits the fact that Dr. Donahue acknowledged that a repellent that has efficacy towards one species of mosquito is likely to have some repellency as

to another species: "Q: Do you think it was right for United Industries Corporation to put that statement on their product given the data you've seen to date? A: . . . Others, other types of testing, again, we have discussed this with EPA, requires at least three genera. But categorically, if it repels one, there will be some level of repellency for another species of mosquito." (Levitt Opp. Decl. Ex. T, 257:11-23.)

  49. Undisputed.

  50. Undisputed.

  51. Undisputed.

  52. Undisputed.

  53. Objection. This is a conclusion of law, not a statement of fact, and thus no response is required.

  54. Objection. This is a conclusion of law, not a statement of fact, and thus no response is required.

Dated: New York, New York

November 18, 2019

MORRISON & FOERSTER LLP

By: */s/ Jamie A. Levitt*
Jamie A. Levitt

Jamie A. Levitt
Steven T. Rappoport
Gerardo Gomez Galvis
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Email: JLevitt@mofo.com
Email: SRappoport@mofo.com
Email: GGomezGalvis@mofo.com

Claudia M. Vetesi (*Pro Hac Vice*)
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Email: cvetesi@mofo.com

Ronie M. Schmelz
TUCKER ELLIS LLP
515 South Flower Street
Forty Second Floor
Los Angeles, CA 90071
Telephone: (213) 430-3400
Email: ronie.schmelz@tuckerellis.com

Michael J. Ruttinger (*Pro Hac Vice*)
TUCKER ELLIS LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113-7213
Tel: 216.592.5000
Fax: 216.592.5009
Email: michael.ruttinger@tuckerellis.com

*Attorneys for Defendant United Industries Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2019, a copy of the foregoing Statement of Material Facts to Defendant's Motion for Summary Judgment was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: New York, New York
November 18, 2019

MORRISON & FOERSTER LLP

By: /s/ Jamie A. Levitt

Jamie A. Levitt
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Email: jlevitt@mofo.com

Claudia M. Vetesi (*Pro Hac Vice*)
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 276-7500
Email: cvetesi@mofo.com

Ronie M. Schmelz
TUCKER ELLIS LLP
515 South Flower Street
Forty Second Floor
Los Angeles, CA 90071
Telephone: (213) 430-3400
Email: ronie.schmelz@tuckerellis.com

*Counsel for Defendant United Industries Corporation*