UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NICHOLAS PARKER, on behalf of himself and others similarly situated, | ) ) | No. 1:17-cv-05353-GBD-HBP |
| | ) | JUDGE GEORGE B. DANIELS |
| Plaintiff, | ) ) | **ECF CASE** |
| v. | ) ) | |
| UNITED INDUSTRIES CORPORATION, | ) ) | |
| Defendant. | ) ) | |

**UIC'S RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL
FACTS THAT PRESENT A GENUINE ISSUE FOR TRIAL**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1(b), Defendant United Industries Corporation ("UIC") submits this Response to Plaintiff's Statement of Additional Material Facts That Present a Genuine Issue for Trial, made in support of his Opposition to Defendant's Motion for Summary Judgment.

1.      Undisputed.

2.      Undisputed.

3.      Undisputed.

4.      Undisputed.

5.      Undisputed.

6.      Undisputed.

7.      Undisputed.

8.      Undisputed.

9.      Disputed.  Plaintiff overstates Mr. Wood's testimony, which speaks for itself.  Mr. Wood, a research biologist, is not involved in the marketing of Cutter Natural Insect Repellent and did not definitively testify that repelling mosquitoes is the *only* reason why a consumer would purchase Cutter Natural Insect Repellent, but rather that he "would have to review the information," which Plaintiff omits from his excerpt.  (Deposition of Travis Wood ("Wood Dep.") 49:14-18, attached as Ex. W to the Declaration of Jamie Levitt ("Levitt Reply Decl.") filed concurrently.)

10.      Undisputed.

11.      Undisputed.

12.      Disputed.  Dr. Gordon's opinion is that Cutter Natural Insect Repellent has "no value" as a mosquito repellent, but his opinion is contradicted by ███████████████

████████████████████████████████████████████████

1

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████, the expert opinion of Defendant's expert witness, Dr. William Donahue

(Declaration of William A. Donahue, Jr., Ph.D. ("Donahue Decl."), ECF No. 58-2 ¶¶ 2, 38, 40),

and consumer survey evidence (Declaration of Melissa Pittaoulis ("Pittaoulis Decl."), ECF No.

108 ¶¶ 8, 37, 39) (Stmt. Of Undisputed Facts in Support of Defendant's Mot. for Summary J.

("56.1"), ECF No. 106 ¶ 26; ECF No. 103-6 Ex. F, ¶ 20(a)).

13.     Disputed.  Defendant acknowledges that Dr. Gordon oversaw four laboratory

tests, but disputes Plaintiff's conclusion that these tests provide a reliable basis for concluding

that Cutter Natural is "ineffective," as has been detailed further in Defendant's Motion to

Exclude Dr. Gordon's opinions and testimony, *see* ECF No. 102.

14.     Objection.  Plaintiff's reliance on either arm-in-cage ("AIC") testing protocols or

the Biogents cage ("BCG") testing protocols is misleading because, as Dr. Gordon conceded, no

specific testing protocols are mandated for products, like Cutter Natural, which are marketed

under Section 25(b) of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").

(Deposition of Dr. Scott Gordon ("Gordon Dep.") at 71:23-25, 77:25-78:25, 202:15-203:8,

attached to the Levitt Reply Decl. as Ex. X; *see also* Rebuttal Declaration of Dr. William A.

Donahue ("Donahue Rebuttal"), ECF No. 58-6 Ex. G, ¶ 17.)  Dr. Gordon even admitted that (i)

the Biogents testing has never been used for efficacy testing in the United States and (ii) Dr.

Gordon did not follow Biogents' own governing protocols for the BCG test.  (Levitt Reply Decl.

Ex. X at 211:4-8, 253:4-11.)

15.     Undisputed, but immaterial and irrelevant to the issues raised in either Motion for

Summary Judgment in light of testimony that Cutter Natural Insect Repellent is exempt from

federal registration requirements and, therefore, need not comply with Environmental Protection

Agency ("EPA") or World Health Organization ("WHO") testing guidelines.  (*See* Donahue

Rebuttal, ECF No. 58-6 Ex. G, ¶¶ 17, 19; ████████████████████████████

████████████████████

      16.     Objection.  Plaintiff's reliance on either arm-in-cage ("AIC") testing protocols or

the Biogents cage ("BCG") testing protocols is misleading because, as Dr. Gordon conceded, no

specific testing protocols are mandated for products, like Cutter Natural, which are marketed

under Section 25(b) of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").

(Levitt Reply Decl. Ex. X at 71:23-25, 77:25-78:25, 202:15-203:8; *see also* Donahue Rebuttal,

ECF No. 58-6 Ex. G, ¶ 17.)  Dr. Gordon even admitted that (i) the Biogents testing has never

been used for efficacy testing in the United States and (ii) Dr. Gordon did not follow Biogents'

own governing protocols for the BCG test.  (Levitt Reply Decl. Ex. X at 211:4-8, 253:4-11.)

      17.     Objection.  Plaintiff's reliance on either arm-in-cage ("AIC") testing protocols or

the Biogents cage ("BCG") testing protocols is misleading because, as Dr. Gordon conceded, no

specific testing protocols are mandated for products, like Cutter Natural, which are marketed

under Section 25(b) of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").

(Levitt Reply Decl. Ex. X at 71:23-25, 77:25-78:25, 202:15-203:8; *see also* Donahue Rebuttal,

ECF No. 58-6 Ex. G, ¶ 17.)  Dr. Gordon even admitted that (i) the Biogents testing has never

been used for efficacy testing in the United States and (ii) Dr. Gordon did not follow Biogents'

own governing protocols for the BCG test.  (Levitt Reply Decl. Ex. X at 211:4-8, 253:4-11.)

      18.     Objection.  Plaintiff's reliance on either arm-in-cage ("AIC") testing protocols or

the Biogents cage ("BCG") testing protocols is misleading because, as Dr. Gordon conceded, no

specific testing protocols are mandated for products, like Cutter Natural, which are marketed

under Section 25(b) of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").

(Levitt Reply Decl. Ex. X at 71:23-25, 77:25-78:25, 202:15-203:8; *see also* Donahue Rebuttal,

ECF No. 58-6 Ex. G, ¶ 17.)  Dr. Gordon even admitted that (i) the Biogents testing has never been used for efficacy testing in the United States and (ii) Dr. Gordon did not follow Biogents' own governing protocols for the BCG test.  (Levitt Reply Decl. Ex. X at 211:4-8, 253:4-11.)

19.     Disputed.  Dr. Donahue testified that the prevalence of *Aedes aegypti* has ebbed and flowed over time and that they are *not* "commonly found" in the United States:  "Q: Are Aedes aegypti mosquitoes commonly found in the United States?  A:  No, they are actually an invasive species . . . . So it is expanding its range in the United States for a variety of reasons." (Deposition of William Donahue ("Donahue Dep.") 259:22-26, attached to the Levitt Reply Decl. as Ex. Y.)

20.     Objection.  Plaintiff's reliance on either arm-in-cage ("AIC") testing protocols or the Biogents cage ("BCG") testing protocols is misleading because, as Dr. Gordon conceded, no specific testing protocols are mandated for products, like Cutter Natural, which are marketed under Section 25(b) of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). (Levitt Reply Decl. Ex. X at 71:23-25, 77:25-78:25, 202:15-203:8; *see also* Donahue Rebuttal, ECF No. 58-6 Ex. G, ¶ 17.)  Dr. Gordon even admitted that (i) the Biogents testing has never been used for efficacy testing in the United States and (ii) Dr. Gordon did not follow Biogents' own governing protocols for the BCG test.  (Levitt Reply Decl. Ex. X at 211:4-8, 253:4-11.)

21.     Objection.  Plaintiff's reliance on either arm-in-cage ("AIC") testing protocols or the Biogents cage ("BCG") testing protocols is misleading because, as Dr. Gordon conceded, no specific testing protocols are mandated for products, like Cutter Natural, which are marketed under Section 25(b) of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). (Levitt Reply Decl. Ex. X at 71:23-25, 77:25-78:25, 202:15-203:8; *see also* Donahue Rebuttal, ECF No. 58-6 Ex. G, ¶ 17.)  Dr. Gordon even admitted that (i) the Biogents testing has never

been used for efficacy testing in the United States and (ii) Dr. Gordon did not follow Biogents'

own governing protocols for the BCG test.  (Levitt Reply Decl. Ex. X at 211:4-8, 253:4-11.)

      22.    Objection.  Dr. Gordon's opinion about the duration of repellency required to be

considered effective is irrelevant and immaterial to the issues raised in either Motion for

Summary Judgment.  Also, Dr. Gordon's opinion is contradicted by ███████████████████

████████████████████████████████████████████████████████████████████

███████████████████ the expert opinion of Defendant's expert witness, Dr. William

Donahue (Donahue Decl., ECF No. 58-2 Ex. B, ¶¶ 2, 38, 40; Donahue Rebuttal, *see* ECF No. 58-

6 Ex. G, ¶¶ 2, 21.), and consumer survey evidence (Pittaoulis Decl. ¶¶ 8, 37, 39) (56.1 ¶ 26; ECF

No. 103-6 Ex. F, ¶ 20(a)).

      23.    Objection.  Dr. Donahue's opinion about the duration of repellency he would like

to see from a personal mosquito repellent is irrelevant and immaterial to the issues raised in

either Motion for Summary Judgment.  Further, Dr. Donahue testified that his "personal opinion

about the products would vary tremendously from probably the average consumer."  (Levitt

Reply Decl. Ex. Y at 261:20-24.)

      24.    Objection.  The Guidelines set forth by the EPA and WHO are immaterial and

irrelevant to the issues raised in either Motion for Summary Judgment, especially in light of

testimony that Cutter Natural Insect Repellent is exempt from federal registration requirements

and, therefore, need not comply with the testing guidelines provided by the EPA or WHO.  (*See*

Donahue Rebuttal, ECF No. 58-6 Ex. G, ¶¶ 17, 19; ██████████████████████████████

████

      25.    Objection.  Plaintiff accurately cites Dr. Gordon's declaration, but Defendant is

without information or ability to verify whether Plaintiff's assertion is true.

26.     Objection.  The Guidelines set forth by the EPA and WHO are immaterial and irrelevant to the issues raised in either Motion for Summary Judgment, especially in light of testimony that Cutter Natural Insect Repellent is exempt from federal registration requirements and, therefore, need not comply with the testing guidelines provided by the EPA.  (*See* Donahue Rebuttal, ECF No. 58-6 Ex. G, ¶¶ 17, 19; ███████████████████████████

27.     Undisputed.

28.     Undisputed.

29.     Objection.  Plaintiff's assertion reflects Plaintiff's interpretation of the i2L efficacy results and Dr. Gordon's opinion about the results, not the raw test results themselves, and so no response is required.

30.     Undisputed.

31.     Undisputed.

32.     Undisputed.

33.     Objection.  Plaintiff accurately cites Dr. Gordon's testimony from his deposition, but Dr. Gordon's opinion indicates no underlying evidentiary basis for his belief that statistical significance calculations were unnecessary for the i2L tests.  Dr. Gordon's opinion is not a material fact subject to verification by evidence in the record and so no response is required.

34.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.  Evidence related to the New Mexico State University test is irrelevant and immaterial to Plaintiff's claims because the test used a Y-tube olfactometer, which is designed to evaluate spatial (vapor) characteristics of repellents or study insect behavior, not to assess the efficacy of a repellent.  (Donahue Rebuttal, *see* ECF No. 58-6 Ex. G, ¶ 16.)  Further, to the extent the New Mexico State University study applied the WHO protocol, its results are further immaterial because Cutter Natural Insect Repellent is exempt from federal registration

requirements, and therefore need not comply with testing guidelines provided by the WHO.  (*See*

Donahue Rebuttal, ECF No. 58-6 Ex. G, ¶¶ 17, 19; ███████████████████████

████

35.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for

Summary Judgment.  Evidence related to the New Mexico State University test is irrelevant and

immaterial to Plaintiff's claims because the test used a Y-tube olfactometer, which is designed to

evaluate spatial (vapor) characteristics of repellents or study insect behavior, not to assess the

efficacy of a repellent.  (Donahue Rebuttal, *see* ECF No. 58-6 Ex. G, ¶ 16.)  Further, to the extent

the New Mexico State University study applied the WHO protocol, its results are further

immaterial because Cutter Natural Insect Repellent is exempt from federal registration

requirements, and therefore need not comply with testing guidelines provided by the WHO.  (*See*

Donahue Rebuttal, ECF No. 58-6 Ex. G, ¶¶ 17, 19; ███████████████████████

████

36.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for

Summary Judgment.  Evidence related to the New Mexico State University test is irrelevant and

immaterial to Plaintiff's claims because the test used a Y-tube olfactometer, which is designed to

evaluate spatial (vapor) characteristics of repellents or study insect behavior, not to assess the

efficacy of a repellent.  (Donahue Rebuttal, *see* ECF No. 58-6 Ex. G, ¶ 16.)  Further, to the extent

the New Mexico State University study applied the WHO protocol, its results are further

immaterial because Cutter Natural Insect Repellent is exempt from federal registration

requirements, and therefore need not comply with testing guidelines provided by the WHO.  (*See*

Donahue Rebuttal, ECF No. 58-6 Ex. G, ¶¶ 17, 19; ███████████████████████

████

37.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.  Evidence related to the New Mexico State University test is irrelevant and immaterial to Plaintiff's claims because the test used a Y-tube olfactometer, which is designed to evaluate spatial (vapor) characteristics of repellents or study insect behavior, not to assess the efficacy of a repellent.  (Donahue Rebuttal, *see* ECF No. 58-6 Ex. G, ¶ 16.)  Further, to the extent the New Mexico State University study applied the WHO protocol, its results are further immaterial because Cutter Natural Insect Repellent is exempt from federal registration requirements, and therefore need not comply with testing guidelines provided by the WHO.  (*See* Donahue Rebuttal, ECF No. 58-6 Ex. G, ¶¶ 17, 19; ██████████████████████████████ ████)

38.     Undisputed.

39.     Undisputed.

40.     Undisputed.

41.     Objection.  Plaintiff accurately cites Dr. Gordon's opinion from his declaration, but Dr. Gordon's opinion indicates no underlying evidentiary basis for his belief that ██████████ ███████████████████████████.  Dr. Gordon's opinion is not a material fact subject to verification by evidence in the record and so no response is required.

42.     Objection.  Plaintiff accurately cites Dr. Gordon's opinion from his declaration, but Dr. Gordon's opinion indicates no underlying reference for his belief that ████████████████ ██████████████████████████████████████  Dr. Gordon's opinion is not a material fact subject to verification by evidence in the record and so no response is required.

43.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

44.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

45.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

46.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

47.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

48.     Objection.  Plaintiff accurately cites Dr. Gordon's opinion from his declaration, but Dr. Gordon's opinion indicates no underlying reference for his belief ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dr. Gordon's opinion is not a material fact subject to verification by evidence in the record and so no response is required.

49.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

50.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

51.     Undisputed.

52.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

53.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

54.     Objection.  Dr. Gordon's testimony that the EPA and WHO protocols are the "gold standard" is misleading, because, as Dr. Gordon conceded, no specific testing protocols, including EPA or WHO protocols, are mandated for products like Cutter Natural which are

marketed under Section 25(b) of the Federal Insecticide, Fungicide, and Rodenticide Act

("FIFRA").  (Levitt Reply Decl. Ex. X at 71:23-25, 77:25-78:25, 202:15-203:8, Ex. 2; *see also*

Donahue Rebuttal, ECF No. 58-6 Ex. G, ¶ 17.)  Further, Dr. Gordon's testimony that the EPA

and WHO protocols are the "gold standard" reflects his opinion, not a material fact that is

beyond dispute, and so no response is required.

55.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for

Summary Judgment.

56.     Objection.  Plaintiff's assertion amounts to unsupported attorney argument, not a

fact that is subject to verification via evidence in the record, and so no response is required.  It is

further irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

57.     Objection.  Dr. Gordon's testimony that the EPA and WHO protocols are the

"gold standard" is misleading, because, as Dr. Gordon conceded, no specific testing protocols,

including EPA or WHO protocols, are mandated for products like Cutter Natural which are

marketed under Section 25(b) of the Federal Insecticide, Fungicide, and Rodenticide Act

("FIFRA").  (Levitt Reply Decl. Ex. X at 71:23-25, 77:25-78:25, 202:15-203:8, Ex. 2; *see also*

Donahue Rebuttal, ECF No. 58-6 Ex. G, ¶ 17.)  Further, Dr. Gordon's testimony that the EPA

and WHO protocols are the "gold standard" reflects his opinion, not a material fact that is

beyond dispute, and so no response is required.

58.     Disputed.  Plaintiff's assertion that there is nothing unique about Rule 25(b)

products that calls for different protocols is unsupported because, as Dr. Gordon conceded, no

specific testing protocols, including EPA or WHO protocols, are mandated for products like

Cutter Natural which are marketed under Section 25(b) of the Federal Insecticide, Fungicide, and

Rodenticide Act ("FIFRA").  (Levitt Reply Decl. Ex. X at 71:23-25, 77:25-78:25, 202:15-203:8,

Ex. 2; *see also* Donahue Rebuttal, ECF No. 58-6 Ex. G, ¶ 17.)  Further, Dr. Gordon's testimony

10

that the EPA and WHO protocols are the "gold standard" reflects his opinion, not a material fact that is beyond dispute, and so no response is required.

59.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

60.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

61.     Objection.  Plaintiff accurately cites Dr. Donahue's testimony, but it reflects a conclusion of law, not a statement of fact, and thus no response is required.

62.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

63.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

64.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

65.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

66.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

67.     Disputed.  Dr. Donahue worked for over three years as a formulation biologist "screening and evaluating a diverse group of products against a variety of insects and arthropods, including mosquitoes."  (Donahue Decl., ECF No. 58-2 Ex. B, ¶ 5.)  Since 1994, Dr. Donahue has worked for an independent contract laboratory he founded that specializes in efficacy studies to be used primarily for product registrations with agencies such as the EPA, individual states,

and international bodies.  (*Id.* ¶ 8.)  In that role, Dr. Donahue has provided research and development support for products including pesticides, attractants, and repellents.  (*Id.*)

68.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

69.     Objection.  Plaintiff correctly cites the opinion of Plaintiff's expert, Dr. Gordon, reflected by his deposition testimony, but Dr. Gordon's opinion is not an undisputed material fact, nor a material fact subject to verification by evidence in the record, and so no response is required.

70.     Disputed.  Dr. Donahue has opined that ███████████████████████ are a reliable basis for concluding that Cutter Natural Insect Repellent "repels mosquitoes." (Donahue Decl., *see* ECF No. 58-2 Ex. B, ¶¶ 31, 41.)

71.     Objection.  Plaintiff correctly cites the opinion of Plaintiff's expert, Dr. Gordon, reflected by his deposition testimony, but Dr. Gordon's opinion is not an undisputed material fact, and so no response is required.

72.     Objection.  Plaintiff correctly cites the opinion of Plaintiff's expert, Dr. Gordon, reflected by his deposition testimony, but Dr. Gordon's opinion is not an undisputed material fact, and so no response is required.

73.     Objection.  Plaintiff correctly cites testimony from Dr. Donahue reflecting his agreement with Dr. Gordon's opinion, but Dr. Gordon's opinion is not an undisputed material fact, and so no response is required.

74.     Undisputed.

75.     Undisputed.

76.     Undisputed.

77.     Objection, irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.  Dr. Gordon himself testified that individual users of Cutter Natural Insect Repellent could have different experiences.  (Levitt Reply Decl. Ex. X at 90:1-7 ("I would say that, you know, an individual may have had a good experience but that doesn't mean that somebody else would have a good experience.").)  Dr. Gordon conceded "[t]here are various levels" of attractiveness to mosquitoes, such that "[s]ome [people] are more attractive than others."  (*Id.* at 93:10-15.)

78.     Objection, irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.  Dr. Gordon himself testified that individual users of Cutter Natural Insect Repellent could have different experiences.  (Levitt Reply Decl. Ex. X at 90:1-7 ("I would say that, you know, an individual may have had a good experience but that doesn't mean that somebody else would have a good experience.").)  Dr. Gordon conceded "[t]here are various levels" of attractiveness to mosquitoes, such that "[s]ome [people] are more attractive than others."  (*Id.* at 93:10-15.)

79.     Objection, irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.  Dr. Gordon himself testified that individual users of Cutter Natural Insect Repellent could have different experiences.  (Levitt Reply Decl. Ex. X at 90:1-7 ("I would say that, you know, an individual may have had a good experience but that doesn't mean that somebody else would have a good experience.").)  Dr. Gordon conceded "[t]here are various levels" of attractiveness to mosquitoes, such that "[s]ome [people] are more attractive than others."  (*Id.* at 93:10-15.)

80.     Objection.  Plaintiff overstates the testimony of Ron Cardoza, who has not been introduced as an expert in this case and did not testify that adequate mosquito pressure is of the "utmost importance."

81.     Undisputed.

82.     Objection.  Plaintiff correctly cites the opinion of Plaintiff's expert, Dr. Gordon, reflected by his deposition testimony, but Dr. Gordon's opinion is not an undisputed material fact, and so no response is required.

83.     Disputed.  The excerpted testimony does not support Plaintiff's assertion that Dr. Donahue "expressly disclaimed one of the Cardoza studies entirely." ████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████

84.     Objection.  Plaintiff correctly cites the opinion of Plaintiff's expert, Dr. Gordon, reflected by his declaration, but Dr. Gordon's opinion is not an undisputed material fact, and so no response is required.

85.     Objection, irrelevant and immaterial to the issues raised in either Motion for Summary Judgment. ███████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████

86.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.  Dr. Donahue has opined that ████████████████████████ are a reliable basis for concluding that Cutter Natural Insect Repellent "repels mosquitoes."  (Donahue Decl., ECF No. 58-2 Ex. B, ¶¶ 31, 41.)

87.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

88.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

89.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

90.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.  Dr. Donahue has opined that ███████████████████████ are a reliable basis for concluding that Cutter Natural Insect Repellent "repels mosquitoes."  (Donahue Decl., ECF No. 58-2 Ex. B, ¶¶ 31, 41.)

91.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

92.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

93.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

94.     Objection.  Plaintiff correctly cites the opinion of Plaintiff's expert, Dr. Gordon, reflected by his declaration, but Dr. Gordon's opinion is not an undisputed material fact, and so no response is required.

95.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.  Dr. Donahue has opined that ███████████████████████ are a reliable basis for concluding that Cutter Natural Insect Repellent "repels mosquitoes."  (Donahue Decl., ECF No. 58-2 Ex. B, ¶¶ 31, 41.)

96.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.  Dr. Donahue has opined that ███████████████████████ are a reliable basis for concluding that Cutter Natural Insect Repellent "repels mosquitoes."  (Donahue Decl., ECF No. 58-2 Ex. B, ¶¶ 31, 41.)

97.     Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

98.     Undisputed.

99.     Objection.  Plaintiff overstates Dr. Donahue's testimony, which speaks for itself. Dr. Donahue testified that he did not know why test results were "different," not that the results were "conflicted."  (Levitt Reply Decl. Ex. Y at 254:1-5.)

100.    Undisputed.

101.    Objection.  Plaintiff's out-of-context reference to Dr. Donahue's deposition testimony is misleading because Dr. Donahue testified that the █████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████  Dr. Donahue further testified that his "personal opinion about the products would vary tremendously from probably the average consumer."  (Levitt Reply Decl. Ex. Y at 261:20-24.)

102.    Objection.  Whether Dr. Donahue would choose Cutter Natural Insect Repellent as opposed to some other repellent is irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.  Further, Dr. Donahue testified that his "personal opinion about the products would vary tremendously from probably the average consumer."  (Levitt Reply Decl. Ex. Y at 261:20-24.)  Indeed, Dr. Donahue testified that his confidence in Cutter Natural's efficacy depends on the situation in which it is being used.  (Levitt Opp. Decl. Ex. T, 263:1-10.)

103.    Objection.  Whether Dr. Donahue would choose Cutter Natural Insect Repellent as opposed to some other repellent for use on his grandchildren is irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.  Further, Dr. Donahue testified that his "personal opinion about the products would vary tremendously from probably the average

consumer." (Levitt Reply Decl. Ex. Y at 261:20-24.) Indeed, Dr. Donahue testified that his confidence in Cutter Natural's efficacy depends on the situation in which it is being used. (Levitt Opp. Decl. Ex. T, 263:1-10.)

104.    Undisputed.

105.    Disputed. Dr. Gordon's opinion is that Cutter Natural Insect Repellent has "no value" as a mosquito repellent, but his opinion is contradicted by ████████████████████ ████████████████████████████████████████████████████████████████ ████████████████ the expert opinion of Defendant's expert witness, Dr. William Donahue (Donahue Decl., ECF No. 58-2 Ex. B, ¶¶ 2, 38, 40; Donahue Rebuttal, ECF No. 58-6 Ex. G, ¶¶ 2, 21.), and consumer survey evidence (Pittaoulis Decl. ¶¶ 8, 37, 39) (56.1 ¶ 26; ECF No. 103-6 Ex. F, ¶ 20(a)).

106.    Objection. This is a conclusion of law, not a statement of fact, and thus no response is required.

107.    Objection. Plaintiff's assertion as to the number of units sold in the State of New York is the estimation of Plaintiff's damages expert, Colin Weir. ██████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████

108.    Objection. This is a conclusion of law, not a statement of fact, and thus no response is required.

109.    Objection. Plaintiff's assertion as to the number of units sold nationwide is the estimation of Plaintiff's damages expert, Colin Weir. ████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████

110.    Objection.  Plaintiff's assertion as to the amount of Cutter Natural Insect Repellent sold nationwide is the estimation of Plaintiff's damages expert, Colin Weir.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████

111.    Objection.  Plaintiff's assertion as to the number of units sold is the estimation of Plaintiff's damages expert, Colin Weir. ███████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████

112.    Objection.  Plaintiff's assertion as to the amount of Cutter Natural Insect Repellent sold is the estimation of Plaintiff's damages expert, Colin Weir. ██████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████

████

113.    Objection.  Plaintiff overstates Dr. Martin's testimony.  Dr. Martin's testimony cited by Plaintiff clarifies that a full-refund model would be appropriate if Cutter Natural Insect Repellent is completely ineffective for all persons, i.e., that it "didn't work for anyone." (Deposition of Denise Martin ("Martin Dep.") at 35:5-18, attached to the Levitt Reply Decl. as Ex. Z.)  Further, the assertion that Cutter Natural Insect Repellent did not work for anyone is contradicted by ███████████████████████████████████████████████

████████████████████████████████████████ the expert opinion of Defendant's expert witness, Dr. William Donahue (Donahue Decl., ECF No. 58-2 Ex. B ¶¶ 2, 38, 40; Donahue Rebuttal, ECF No. 58-6 Ex. G ¶¶ 2, 21.), and consumer survey evidence (Pittaoulis Decl. ¶¶ 8, 37, 39) (56.1 ¶ 26; ECF No. 103-6 Ex. F, ¶ 20(a)).

18

114.    Undisputed.

115.    Objection.  This is a conclusion of law, not a statement of fact, and thus no response is required.

116.    Undisputed.

117.    Undisputed.

118.    Undisputed.

119.    Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

120.    Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

121.    Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

122.    Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

123.    Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

124.    Objection.  Plaintiff overstates Dr. Martin's testimony, which speaks for itself. Dr. Martin testified based on her experience that ███████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████████████████

125.    Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

126.    Objection.  Plaintiff overstates Dr. Martin's testimony, which speaks for itself. Dr. Martin did not testify that she "knows nothing" about how the algorithms work. ██

████████████████████████████████████████████████████████████████

████████████████████████████

127.    Objection.  Plaintiff correctly cites the opinion of Dr. Donahue, reflected by his testimony, but Dr. Donahue's opinion is not an undisputed material fact, and so no response is required.  Further, Dr. Donahue does not purport to have any expertise related to analyzing product reviews, rendering his opinion irrelevant.

128.    Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

129.    Objection.  Plaintiff correctly cites the opinion of Dr. Donahue, reflected by his testimony, but Dr. Donahue's opinion is not an undisputed material fact, and so no response is required.  Further, Dr. Donahue does not purport to have any expertise related to analyzing consumer testimonials, rendering his opinion irrelevant.

130.    Objection.  Plaintiff correctly cites the opinion of Dr. Gordon, reflected by his testimony, but Dr. Gordon's opinion is not an undisputed material fact, and so no response is required.  Further, Dr. Gordon does not purport to have any expertise related to analyzing consumer testimonials, rendering his opinion irrelevant.

131.    Objection.  Plaintiff accurately quotes Mr. Weir's opinion about what implications a fact-finder may draw from ████████████████, but his opinion is disputed by the testimony of Defendant's own expert, Dr. Denise Martin, who testified that ██

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████

132.    Objection.  Plaintiff correctly cites the opinion of Dr. Donahue, reflected by his testimony, but Dr. Donahue's opinion is not an undisputed material fact, and so no response is required.  Further, Dr. Donahue does not purport to have any expertise related to ███████ ████████████████████, rendering his opinion irrelevant.

133.    Undisputed.

134.    Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

135.    Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

136.    Disputed.  Plaintiff mischaracterizes the nature of the alleged request from ABC News, which was a request for comment, as a "complaint."  The evidence speaks for itself that this was not a consumer complaint.  Undisputed that Defendant took no action in response to the request for comment, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

137.    Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

138.    Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

139.    Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

140.    Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

141.    Undisputed, but irrelevant and immaterial to the issues raised in either Motion for Summary Judgment.

Dated:   New York, New York

December 16, 2019

MORRISON & FOERSTER LLP


By:     */s/ Jamie A. Levitt*
            Jamie A. Levitt

Jamie A. Levitt
Steven T. Rappoport
Gerardo Gomez Galvis
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Email:       JLevitt@mofo.com
Email:       SRappoport@mofo.com
Email:       GGomezGalvis@mofo.com

Claudia M. Vetesi (*Pro Hac Vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Email:       cvetesi@mofo.com

Ronie M. Schmelz
TUCKER ELLIS LLP
515 South Flower Street
Forty Second Floor
Los Angeles, CA 90071
Telephone: (213) 430-3400
Email:       ronie.schmelz@tuckerellis.com

Michael J. Ruttinger (*Pro Hac Vice*)
TUCKER ELLIS LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113-7213
Tel:  216.592.5000
Fax: 216.592.5009
Email:       michael.ruttinger@tuckerellis.com

*Attorneys for Defendant United Industries Corporation*