```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
NICHOLAS PARKER, on behalf of himself and all others  :
similarly situated,                                   :
                                                      :
                                  Plaintiff,          :
                                                      :
             -against-                                :
                                                      :
UNITED INDUSTRIES CORPORATION,                        :
                                                      :
                                  Defendant.          :
------------------------------------- x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 2 9 2020

MEMORANDUM DECISION
AND ORDER

17 Civ. 5353 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Nicholas Parker brings this putative class action against Defendant United Industries Corporation for deceptive acts or practices (New York General Business Law ("NYGBL") § 349), false advertising (NYGBL § 350), unjust enrichment, breach of express warranty, and fraud. (Class Action Compl. ("Compl."), ECF No. 1.) Specifically, Plaintiff claims that Defendant misrepresented that its product, Cutter Natural Insect Repellent ("Cutter Natural" or the "Product"), "repels mosquitos [sic] for hours," when in fact it is "a complete sham." (*Id.* ¶¶ 2, 3.) Due to Defendant's alleged misrepresentations, Plaintiff claims that he and other purchasers of the Product have suffered economic injuries. (*Id.* ¶ 27.)

Pending before this Court are the parties' cross-motions for summary judgment, (*see* Pl.'s Notice of Mot. for Summ. J. on His Claims for Violation of N.Y. GBL §§ 349 and 350, ECF No. 92; Notice of Def. United Industries Corporation's Mot. for Summ. J., ECF No. 98), as well as the parties' cross-motions in limine to exclude their opponents' experts, (*see* Pl.'s Notice of Mot. to Preclude the Expert Test. of Dr. Denise Martin, ECF No. 88; Pl.'s Notice of Mot. to Preclude the Expert Test. of Dr. William A. Donahue, Jr., ECF No. 90; Pl.'s Letter dated November 18, 2019, ECF No. 112; Notice of Mot. to Exclude the Reports and Testimony of Colin B. Weir, ECF No.

99; Notice of Mot. to Exclude the Reports and Testimony of Dr. Scott W. Gordon, ECF No. 101). Defendant's motion for summary judgment is GRANTED. Plaintiff's motion for partial summary judgment is DENIED. Plaintiff's motion to exclude the declaration and consumer survey of Melissa Pittaoulis is GRANTED.[1] Both parties' remaining motions in limine are DENIED.[2]

## I. FACTUAL BACKGROUND

Many personal insect repellents marketed to U.S. consumers contain the pesticide called DEET, which is broadly recognized as safe and effective. (*See* Pl.'s Resp. to Def.'s Statement of Material Facts ("Rule 56.1 Counter-Statement"), ECF No. 116, ¶ 1.) Cutter Natural is a DEET-free personal insect repellent developed by Defendant in two forms, pump and aerosol, for consumers who desire "DEET alternatives and different chemicals than what a typical repellent might contain." (*Id.* ¶ 3.)

The United States Environmental Protection Agency ("EPA") issues pesticide testing guidelines for, among other things, assessing product efficacy, and requires manufacturers to submit efficacy data before marketing a pesticide. (*Id.* ¶ 2.) There is, however, an exception to such testing and data requirements for repellents that are categorized as "Minimum Risk Pesticides." (*Id.* ¶ 4.) Repellents qualify for this exemption if they contain active ingredients listed at 40 C.F.R. § 152.25(F) (the "Rule 25(b) List"). (*Id.*) Cutter Natural, both in its pump and aerosol

---

[1] Defendant submitted this declaration and consumer survey over six months after the expert disclosure deadline of March 21, 2019. Defendant provides no credible explanation for its failure to comply with timing and disclosure requirements. Nothing prevented the Defendant from retaining this expert within the period of time set by this Court. Moreover, Defendant did not seek leave of this Court to file the expert disclosure. Accordingly, preclusion of the Pittaoulis declaration and consumer survey is appropriate.

[2] Because this Court finds that the evidence offered by each of the parties' experts would not affect this Court's analysis or determinations as to the parties' cross-motions for summary judgment, this Court denies both parties' motions to exclude their testimony.

2

forms, contains active ingredients on the Rule 25(b) List. (*Id.*) Accordingly, it is regulated as a "Minimum Risk Pesticide." (*Id.*)

At issue are representations regarding the efficacy of Cutter Natural made on the label of the Product. In particular, the label states that the Product "Repels Mosquitoes For Hours" (on the front display panel) and "keeps mosquitoes away from you and your family for up to 2 hours" (on the back panel). (*Id.* ¶ 6.)

Prior to marketing each of the two forms of Cutter Natural, Defendant retained an independent third-party laboratory to conduct testing on the Product. (*Id.* ¶¶ 7, 13, 17.) The lab conducted its studies using a protocol known as "arm-in-cage" testing, pursuant to which human subjects insert untreated and treated forearms into a cage filled with mosquitoes at regular intervals to assess the ability of the Product to repel mosquitoes. (*Id.* ¶¶ 8, 13.) The studies measured Complete Protection Time ("CPT"), which is the time between repellent application and the first mosquito landing on or biting the test subject. (*Id.* ¶ 9.) The mean time to first landing or first bite for Cutter Natural during these tests fell generally between one and four hours. (*Id.* ¶¶ 10, 14.) Defendant contends that the results of these studies support the representations on the label of Cutter Natural. Defendant also relies upon the analysis of its expert witness, Dr. William A. Donahue, Jr, along with consumer feedback and testimonials. Plaintiff, however, alleges that "[s]cientific evidence shows that Cutter Natural does not repel mosquitos [sic]" and the Product is "ineffective and worthless." (Compl. ¶ 3.) In support, he submits the results from eight studies and the analysis of his own expert, Dr. Scott W. Gordon. Four of such studies were conducted by Dr. Gordon and showed an average CPT of 0 to 12.5 minutes. (Pl.'s Statement of Additional Material Facts that Present a Genuine Issue for Trial ("Rule 56.1 Additional Statement"), ECF No. 116, ¶¶ 13, 20, 21.) Two others were conducted by a third-party laboratory. (*Id.* ¶ 27.) In those studies, bites

3

occurred within 30 minutes of application of the Product. (*Id.* ¶ 28.) Finally, two other studies were conducted by New Mexico State University, which found that Cutter Natural "produced no significant reduction in attraction," "did not work in either species [of mosquitoes tested]," and produced little or no repellency effect." (*Id.* ¶ 37.) Both parties also proffer damages experts to further support their positions.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when "it 'might affect the outcome of the suit under the governing law.'" *Gayle*, 313 F.3d at 682 (quoting *Anderson*, 477 U.S. at 248).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In turn, to defeat a motion for summary judgment, the opposing party must raise a genuine issue of material fact. To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). Rather, the opposing party must produce admissible evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968). In this regard, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary

judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the opposing party and draw all inferences in that party's favor. *See Niagara*, 315 F.3d at 175. However, "a court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (internal citations omitted). Summary judgment is therefore "improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

The standard for cross-motions for summary judgment is the same: a court will "evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Byrne v. Rutledge*, 623 F.3d 46, 53 (2d Cir. 2010) (quoting *Hotel Emps. & Rest. Emps. Union v. City of N.Y. Dep't of Parks & Recreation*, 311 F.3d 534, 543 (2d Cir. 2002)).

### III. PLAINTIFF'S CLAIMS FOR DECEPTIVE ACTS AND FALSE ADVERTISING FAIL

At first glance, the resolution of Plaintiff's claims appears to depend on a so-called "battle of the experts," which is typically inappropriate to decide at summary judgment. *See Realtime Data, LLC v. Stanley*, 897 F. Supp. 2d 146, 153 (S.D.N.Y. 2012) ("[W]hen there are dueling experts, both of whom have put forward opinions in contradiction with each other, and when those opinions are important to resolution of a material factual dispute, summary judgment may not be appropriate."); *see also In re Refco Inc. Sec. Litig.*, No. 07 Civ. 8663 (JSR), 2011 WL 13243784, at *16 n.21 (S.D.N.Y. Mar. 28, 2011) (declining to grant summary judgment because of a battle of the experts); *Smith v. City of New York*, No. 12 Civ. 4922 (NRB), 2015 WL 4643125, at *5 n.6 (S.D.N.Y. Aug. 5, 2015) ("We cannot resolve this 'battle of the experts' at summary judgment."). However, at its

core, the parties' dispute contains no genuine issue of material fact. There is no evidence that the representations on the Cutter Natural label are false statements.

NYGBL § 349 "declares deceptive acts and practices unlawful and section 350 declares false advertising unlawful. The standard for recovery under [NYGBL] § 350, while specific to false advertising, is otherwise identical to Section 349." *Weight Watchers Int'l, Inc. v. Noom, Inc.*, 403 F. Supp. 3d 361, 381 (S.D.N.Y. 2019) (quoting *Denenberg v. Rosen*, 897 N.Y.S.2d 391 (1st Dep't 2010)). To succeed on either claim, a plaintiff must prove that "a defendant (1) has engaged in consumer-oriented conduct, (2) that is materially misleading, and (3) that plaintiff has suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (quoting *Koch v. Acker, Merrall & Condit Co.*, 967 N.E.2d 675, 675 (N.Y. 2012)). This Court analyzes whether a practice is deceptive or misleading through the "reasonable consumer" standard, *i.e.*, by analyzing whether the practice would be "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Orlander*, 802 F.3d at 300 (quoting *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007)).

Here, the allegedly deceptive act is the statement that Cutter Natural "repels mosquitoes for hours." (Rule 56.1 Additional Statement ¶ 1.) The statement does not claim that Cutter Natural repels *all* mosquitoes of *all types* or in *all environments*. Indeed, the parties do not dispute that a person may be more or less susceptible to being bitten by mosquitoes based on the person's unique attributes, with or without the repellent. (Rule 56.1 Counter-Statement ¶ 19.) Accordingly, Plaintiff cannot, and does not, claim that the statement is false because the Product is not effective for *some* consumers. Rather, Plaintiff argues that the representation is false, because the Product is allegedly ineffective for *all* consumers. (Compl. ¶ 3; *see also* Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. ("MSJ Opp'n"), ECF No. 115, at 1 ("Defendant distributes a mosquito repellent that does not repel

Case 1:17-cv-05353-GBD   Document 159   Filed 09/29/20   Page 7 of 8

mosquitos.").) If there was evidence that the Product worked for no one, the statement on the Product's label would certainly mislead a reasonable consumer as to the efficacy of the Product.

Plaintiff, however, has not proffered evidence that Cutter Natural is ineffective for all individuals, even if this Court were to credit his cited studies and expert's analysis and discount those proffered by the Defendant. Plaintiff does not argue that Defendant's study did not produce the results as reported. Plaintiff's main disagreement is with the type of test conducted by Defendant.

Plaintiff argues that Defendant's studies are "flawed, unreliable, and unpersuasive." (MSJ Opp'n at 5.) Plaintiff highlights a number of purported issues with Defendant's studies, including, *inter alia*, alleged wide variability in the results, the absence of a known rate of error, short intervals of mosquito exposure, and the use of mixed-sex mosquitoes. (Mem. of Law in Supp. of Pl.'s Mot. to Preclude the Expert Testimony of Dr. William A. Donahue, Jr., ECF No. 91, at 4, 5–16.) While Plaintiff takes significant issue with the methodology used for Defendant's studies, he does not claim that Defendant fabricated the studies or is lying about the results. Instead, he disputes Defendant's results because Plaintiff's expert conducted tests with a different, allegedly scientifically superior, methodology and got different results. This does not create a material issue of fact.[3] At the very least, under the conditions used for the studies commissioned by Defendant, Cutter Natural performed consistent with the representations on its label. This is enough to defeat Plaintiff's claim.

## IV.   PLAINTIFF'S REMAINING CLAIMS FAIL

Plaintiff's unjust enrichment claim also fails because "[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012). Thus, "to the extent that Plaintiff['s] other claims succeed, 'the unjust enrichment claim is duplicative,' and 'if [P]laintiff['s] other claims are

---

[3] Moreover, Defendant is not obligated, with respect to Cutter Natural, to adhere to a standard of efficacy testing such as the EPA guidelines for repellents that are not "Minimum Risk Pesticides."

7

defective, an unjust enrichment claim cannot remedy the defects.'" *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 291 (S.D.N.Y. 2014) (quoting *Corsello*, 967 N.E.2d at 1185). Without a proven misrepresentation, Plaintiff's claims for fraud and breach of express warranty must be dismissed. Having dismissed all other claims, the unjust enrichment claim is also dismissed.

## V. CONCLUSION

Plaintiff's motion to preclude the testimony of Melissa Pittaoulis, (ECF No. 112), is GRANTED. The parties' remaining motions to exclude expert testimony, (ECF No. 88, 90, 99, 101), are DENIED.

Plaintiff's partial motion for summary judgment, (ECF No. 92), is DENIED. Defendant's motion for summary judgment dismissing Plaintiff's claims, (ECF No. 98), is GRANTED.

The Clerk of Court is directed to close these motions accordingly.

Dated: New York, New York
      September 29, 2020

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge